L. H. KURTZ COMPANY, Appellee, v. POLK COUNTY, IOWA, Appellant.

Contagious disease: CONFINEMENT IN PEST HOUSE: LIABILITY FOR EXPENSES. The statutes relating to the segregation of persons afflicted with a contagious disease, in a detention hospital, do not contemplate that they shall be charged with the cost of acquiring and equipping the hospital; but simply with the expenses incident to attendance, nursing, board and treatment while so detained.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

TUESDAY, NOVEMBER 13, 1906.

REHEARING DENIED, WEDNESDAY, NOVEMBER 20, 1907.

THE opinion states the case.— *Affirmed.*

*Halloran & Starkey,* for appellant.

*Sullivan & Sullivan,* for appellee.

WEAVER, J.— The city council of Des Moines acting
as a board of health, undertook to provide and furnish a
detention hospital in which to seclude and care for such per-
sons in said city as might be suffering with smallpox or
other contagious diseases, and, in the performance of said
work, ordered from the plaintiff company materials and re-
pairs suitable to be used therein. For the value of these
materials and repairs plaintiff presented its claim to the city
council, sitting as a board of health, which approved the
same as just and correct. Thereafter the claim so approved
was duly presented to the board of supervisors as a proper
charge against Polk county, but said board refused to allow
it or order it paid, and this action is brought to recover
thereon. No question is raised as to the propriety or neces-
sity of providing a detention hospital, nor is it denied that
the materials furnished and repairs made by plaintiff were
reasonably worth the full amount claimed. The single ques-
tion raised by the defense is whether said claim is properly
chargeable against the county. The district court found for
the plaintiff, and the defendant appeals.

It may be conceded for the purposes of this case that
statutory authority must be found for the enforcement of
such a claim, and that, if there be no such authority, the
judgment cannot be sustained. Without attempting to fol-

low the history of the development of the statute through its various amendments, it may be said that, at the date of the creation of the claim sued upon, it was provided that each local board of health should have authority to take charge of persons suffering from contagious diseases, and remove them to pesthouses, or detention hospitals, and there give them needful care and attention.    It was further provided that " all bills for expenses incurred in carrying out the' provisions of this section in establishing, maintaining or raising a quarantine,, detention or other hospital shall be filed with the clerk of the local board of health, which board shall examine the same, and act thereon at its first regular meeting after the same has been filed with the clerk, and certify the amount allowed by it to the county auditor, and to the county board of supervisors, which shall act upon each bill as thus certified at its first regular meeting thereafter.    The expenses paid under the provisions of this act, and the chapter of which it is amendatory shall in no case exceed the reasonable value of the property furnished or services rendered, and the county shall not advance such expenses until the same have been audited and allowed by the board of supervisors."    Code Supp., section 2570a, as amended by chapter 98, Laws Thirtieth General Assembly.

The same section further provides for ascertaining the amount of expenses incurred for the care of persons, sick of contagious diseases, and apportioning such expense among the persons so served, and, in case of their inability to pay such share, the amount is to be paid in the first instance by the county, which has power to reimburse itself in part by levying a tax on the city, town or township where the expense was incurred.

It is argued for the appellant, that the intention of the statute is to assess the cost of. erecting, furnishing, and repairing pesthouses, and detention hospitals to the persons who are so unfortunate as to require treatment therein, and that no liability was intended to be imposed upon the county.

If such intention was clearly and explicitly expressed, and the provision were to be treated as a valid exercise of the police power of the State, we should, of course, give it effect, but, in the absence of such clear expression, we think the court should hesitate long before approving a construction involving the unreasonable and oppressive results which would follow an adoption of the theory of the appellant. To say that the board of health may buy or erect a detention hospital, supply it with a heating plant, and all the furniture, and conveniences, required for its proper use and charge all the expenses thus incurred to the person or persons who may be involuntarily removed thereto for temporary care and treatment is to attribute to the Legislature an intention, which our respect for a co-ordinate branch of the government forbids. While the power and discretion conferred upon boards of health are of necessity somewhat drastic and arbitrary, and, in the hands of reckless and autocratic officers, are easily made the instruments of hardship and oppression, we regard it very clear that the statute does not contemplate any such result as the appellant here contends for.

On the contrary that part of section 2570a which provides for imposing a charge upon the patients detained in hospitals, speaks solely of "the expense incurred for the care of such persons." Given its plainest and most obvious meaning the phrase "expenses for the care" of a sick person means only such expenses as pertain to attendance, nursing, board, and treatment, and certainly not to the expense of erecting and furnishing the building in which such care is furnished. If a sick person admitted to one of our city hospitals is received with the assurance that the charge against him will be limited to the expense incurred in his care while he remains an inmate, he could hardly be blamed for manifesting some surprise if, on being discharged, he finds the cost of erecting, heating, and furnishing the hospital charged up in his bill. We are not disposed to en-

large the apparent meaning of the statute to make possible such an inequitable result. The patient is not to be, and ought not to be, charged for any expense other than such as has been reasonably incurred in his care, giving that term its usual and ordinary signification. As to other expenses, if any, and especially expenses made in establishing and fitting up property of a permanent character which remains the property of the city or county, while the statute does not in express terms say they are to be paid by the county, the provision that they shall be certified to, and audited by, the board of supervisors clearly indicates that such was the legislative intent. The judgment of the district court was right and it is *affirmed*.