Submitted on brief December 28, 1916.
Writ allowed in part and dismissed in part, January 5, 1917.

SCHOOL DIST. No. 24 v. SMITH.

(161 Pac. 706.)
</div>

**Schools and School Districts—High Schools—"Expended."**
1. Under Laws of 1915, Chapter 235, page 330, Section 4, providing that the cost of educating a high school pupil shall be determined by dividing the total amount expended by the high school district for maintaining high schools during any school year by the average daily attendance, etc., as "expended" means "paid out," an estimate for a high school district, submitted to the county school superintendent as required by Section 2, properly included an item for repairs, but not items for depreciation of a school building or interest on money expended in construction of the building.

Original proceeding in Supreme Court.

In Banc. Statement by MR. JUSTICE McBRIDE.

This is an original proceeding in *mandamus* by School District No. 24 of Marion County, against W.

M. Smith, county school superintendent to compel the defendant to audit and allow certain items claimed by petitioner as part of the cost of educating nonresident high school pupils. The statute to be construed is Chapter 235, page 330, Laws of 1915. Those sections bearing upon the matter here in controversy are, in substance, as follows: Section 1 provides for a special tax levy annually by the County Court of each county for the purpose of defraying the cost of educating high school pupils residing in any county in which there is no county high school, and not in a high school district, the tax to be levied at the same time as taxes are levied for county purposes upon all the taxable property in the county not situated in any high school district. Section 2 requires the school clerk of each high school district, at the close of the school year, to make out under oath, and deliver to the county school superintendent of each county in which any part of his high school district is situated, a full and complete report of the high schools of his district for the entire year. Such report is required to show the total number of high school pupils enrolled during the year, the average daily attendance, the number of teachers regularly employed, the course of instruction pursued, the text-books used, the total number of new high school pupils enrolled during the year, the total cost of maintaining the high school or high schools during the year, the cost of educating each high school pupil during the year, the name, postoffice address and elementary school district residence of each new pupil attending high school in his district and residing in territory not embraced in any high school district, and the total number of such new pupils, and such other information as may be required by the superintendent of public instruction or the county school su-

perintendent.    Section 4 imposes the duty upon every county school superintendent to whom this report is made to verify such report and to compile a report showing the total number of such high school pupils residing in his county outside of any high school district, the cost of educating each of such pupils, the total cost of all such pupils, and the total cost of each high school district for all of such pupils attending therein.    The same section further specifies that the cost of educating each high school pupil of any high school district shall be determined by dividing the total amount expended by the high school district for maintaining high schools during any school year by the average daily attendance of pupils enrolled in the high school or high schools of the district for the same year.    Section 5, among other things, prescribes that not later than December 1st of each year the county superintendent of each county in which there is any county high school shall certify to the County Court of his county the total cost for the preceding year of educating all the high school pupils residing in his county and not in any high school district, and the estimated amount needed for that purpose for the current year.    Section 6 requires the County Court of each county, with whom a county school superintendent's certificate is filed at the time of making the tax levy for the year for school purposes, to levy a special tax upon all taxable property in the county not situated in any high school district sufficient in amount to defray the cost for the current year of education of high school pupils residing in such county and not in any high school district.    Section 7 directs the county school superintendent of each county on the first Monday of October of each year, and at such other times as he may deem it advisable, to apportion the high

school's tuition fund in the county treasury to the several high school districts, and to draw an order on the county treasurer against the high school tuition fund for the portion that the high school district is entitled to receive. The County Court of Marion County, in anticipation of the requirements of this act, provided a high school fund in the levy made in the spring of 1916, and such fund is now in the county treasury. Petitioner's clerk in his report included the following items as the cost of maintaining high schools during the school year ending June 19, 1916, in this district: (a) Salaries, including the salaries of the principal and teachers in the high school, and one third of the salary of the city superintendent, if one is employed, $40,163.82; (b) salary of janitor, $1,550.40; (c) supplies, including crayon, erasers, brooms, brushes, ink, and all supplies that are used for maintenance which are not likely to be of service after a period of two years, $1,564.57; (d) fuel, $720.54; (e) light, $171.89; (f) power, $411.76; (g) telephone, $72.23; (h) water, $242.28; repairs $1,529.84; (i) printing, $141.80; depreciation for year 4 per cent, $4,204.36; (j) insurance, $198.31; interest on investment 5 per cent, $6,790.45; (k) stationery, $256.51—making the total cost for the year $58,018.76; and from his report he ascertained the cost of educating each high school pupil to be $71.13. This report was submitted to the defendant as county school superintendent. He refused to audit or allow the items of repair, $1,529.84, depreciation for year 4 per cent, $4,204.36, and interest on investment at the rate of 5 per cent, $6,790.45, making a total of $12,524.65, deducting which items from the clerk's report of cost reduced the cost of educating each high school pupil to the sum of $56.12, and the defendant offered to draw his warrant in favor of the petitioner

for that amount per student, aggregating the sum of $5,956.58; the amount claimed by petitioner at the rate of $71.13 per pupil aggregating the sum of $7,550.36 and making a difference of $1,593.78. If petitioner's contention is correct, it should receive a warrant for $7,550.36. If a portion of the items rejected should be allowed and a portion eliminated, the amount should be decreased in proportion to the amounts disallowed. No question was made as to the correctness, but only to the propriety of the allowance of the items as being a part of the cost of maintenance.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

WRIT ALLOWED IN PART AND DISMISSED IN PART.

For petitioner there was a brief over the name of *Mr. George G. Bingham.*

For defendant there was a brief over the name of *Mr. Ernest R. Ringo,* District Attorney.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

That part of Section 4 which prescribes the method to be pursued by the county school superintendent in determining the cost of educating each nonresident high school pupil is complete in itself, and its meaning is, in our opinion, perfectly clear. The whole process is a simple problem in long division. The dividend is the total amount expended by the high school department of the district for the preceding year, the divisor the average daily attendance, and the resulting quotient the cost of educating the nonresident pupil. The word "expended" means "paid out; disbursed": *People* v. *Kane,* 43 App. Div. 472, 61 N. Y.

Supp. 195, 198; *State* v. *Manchester & Lawrence R.,*
70 N. H. 421, 48 Atl. 1103; *L. H. Kurtz Co.* v. *Polk
County,* 136 Iowa, 419, 109 N. W. 612. Depreciation
of the building is not money expended. Neither can
interest on the amount previously invested in con-
structing the building be properly termed an "amount
expended" during the preceding year; and the county
school superintendent ruled correctly in rejecting these
items. The item for repairs should have been in-
cluded in the estimate, and a decree will be entered
accordingly. Neither party will recover costs.

WRIT ALLOWED IN PART AND DISMISSED IN PART.

---

Motion to dismiss appeal denied September 19, 1916.
Argued on the merits November 20, affirmed November **28, 1916,**
rehearing denied January 9, 1917.