John B. Garrison, Respondent, *v.* City of Portland, Appellant.

*Appeal from Multnomah County.*

1. In the formation of a jury, a juror having been called and challenged peremptorily, it was not *error* for the court to allow the challenge to be withdrawn before another juror had been called.

2. In a suit against a municipal corporation for damages, a resident and tax-payer is not a competent juror.

3. A judgment will not be reversed for error, which plainly could not have prejudiced the rights of parties.

John B. Garrison brought this action to recover damages from the city of Portland, for injuries sustained by him in consequence of falling into a pit or unfinished cistern, the work being recent, unknown to him, and negligently left by the defendant's servants without guard, fences or lights to prevent passers by from falling into the excavation. There was a verdict for the plaintiff for $4,875. Defendant appealed.

*W. Strong, Esq.*, of counsel for respondent.

*J. H. Mitchell, Esq.*, of counsel for appellant.

Stratton, J. Of the numerous exceptions taken at the trial, but three have been relied upon in the argument of appellant's counsel, and these only will be considered.

1st. Sherry Ross, a juror on the regular panel, being called, was challenged peremptorily by the plaintiff, but immediately after and before another was called, or before the juror had retired, the plaintiff, by leave of the court, withdrew his challenge, to which the defendant excepted.

Section 189 of the Code provides for the order in which challenges are to be taken ; but if the statute were silent upon the subject, they would naturally fall into this order. As each juror must be disposed of before another is called, it

is difficult to see how the defendant could have been preju-
diced by the action of the court.

Judicial proceedings are and ought to be in conformity
with the provisions of law, or some fixed rules, but it would
be pushing the rule to an absurd result if there was no dis-
cretion or power in a court to facilitate its business, without
incurring the hazard of a reversal of its judgments, and
especially when the record discloses no state of facts to the
prejudice of appellant.

2d. In the formation of the jury, the plaintiff interposed
challenges to these jurors for cause, on the ground that they
were residents and tax-payers of the city of Portland, and
interested in the event of the suit. The challenges were
allowed and the defendant excepted.

The *Code, section* 184, *subdivision* 4, leaves the question
of what is a disqualifying interest to the common law rule,
and it must therefore be interpreted in the light of adjudi-
cated cases. The theory of a trial by jury is, that the jurors
shall stand absolutely indifferent between the parties litigant;
that they shall be as free from interest or prejudice as it is
possible for humanity to be. The authorities are numerous
and uniform to the effect that an interest in the event of the
suit, though small and remote, disqualifies the juror. The
jurors set aside by the court, being tax-payers, were directly
responsible for a rateable proportion of whatever verdict
might be rendered against the city. The ruling of the court
below was in conformity with the current authorities and
right.

As to the last point urged by appellant: The plaintiff
called as a witness one Dr. J. A. Davenport, who testified to
the general health of the plaintiff for several years prior to
the 22d day of October, 1862, the date of the accident.

Upon cross-examination, the physician testified that the
plaintiff had been suffering from disease during the time
referred to in his direct-examination, whereupon he was
asked this question by the counsel for defendant: " What

was the disease from which plaintiff was suffering at the time referred to by you?" The plaintiff objected to the question, and the objection was sustained by the court. Inasmuch as it was possible that the answer to this question might have thrown some light upon the physical condition of the plaintiff at the time of the alleged injury, and therefore might have affected the question of damages, the answer to the question should have been received, and allowed to go to the jury, and the refusal was error.

The object in the examination of witnesses, both direct and cross, is to elicit the truth, to get all the facts pertinent to the issue before the jury, and when that is done, the object aimed at is accomplished; and, as a rule, it is not material from which side it comes. The court erred in suppressing what might have been an important fact, and the defendant could have stood upon his technical advantage had he chosen to do so. At a subsequent stage of the trial, the witness was called by defendant himself, and the same question was put without objection, and was answered. The defendant has not, therefore, been damaged by the action of the court in the first instance. The error was cured. It is not intended to be intimated that a case might not arise where it would be error to drive a party to the necessity of calling an adversary's witness for himself, where he had a right to an answer upon a cross-examination.

Judgment is affirmed.