[Filed June 25, 1887.]

ROBERT C. FORD, RESPONDENT, *v.* UMATILLA COUNTY, APPELLANT.

COUNTY—ACTION AGAINST.—An instruction that before a recovery could be had against a county for an accident occasioned by the falling of an unsound bridge the jury must find that the bridge was a county structure, or knowingly recognized as such by the proper officials of the county, and that before a recovery could be had, that the proper authorities had been notified for a reasonable time before the accident of the defective condition of the bridge, or that the bridge had been so openly and notoriously unsafe as to convey notice of its defective condition for a reasonable time, by reasonable time being meant such time as by the exercise of proper diligence would have allowed its repair, and that if the accident was the result of internal decay not perceptible, the defendant is not liable unless actual notice had been given to the proper officials; *held*, to be as favorable to defendant as it could claim.

CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—The plaintiff must establish that he was injured by the negligence of defendant by testimony that does not tend to show contributory negligence upon his part; but beyond this, the burden of proof to establish contributory negligence is upon the defendant.

SAME.—Slight negligence not contributing to the injury does not defeat the plaintiff's right to recover.

BURDEN OF PROOF—INTOXICATION. — It does not change the burden of proof to the plaintiff if shown at the time of the accident he was intoxicated.

SAME. — It is not contributory negligence on the part of a traveler to assume that a bridge left open for travel is safe.

DAMAGES, MEASURE OF — WHAT IS. — An instruction "that the measure of damages in this case, if you find for the plaintiff, is the value of the horses killed, and a sum equal to the amount of damage which the evidence shows to have immediately resulted to plaintiff's other property from the accident, and any expenses necessarily incurred by him, as the natural and immediate result of the accident," *held,* to be substantially correct.

JUROR'S CHALLENGE. — In an action against a county to recover damages, it is sufficient ground of challenge for implied bias that the juror called is a tax-payer.

SAME. — Where a party challenges a juror for implied bias, and his challenge is wrongfully overruled, the error so far as the particular juror is concerned is waived by a subsequent peremptory challenge to him.

SAME. — There is no statute allowing questions to be asked of a juror as to prejudice existing in his mind, for or against either party to the action.

SAME. — It is proper in such case to submit a challenge for actual bias, and if excepted to by the opposing party and overruled by the court, the decision could be reviewed on appeal.

APPEAL from Umatilla County. Affirmed.

*Cox & Minor,* and *Cox, Smith & Teal,* for Appellant.

When it appeared that plaintiff was intoxicated, the burden is on him to show that he did not contribute to his injury. (*Cramer* v. *City of Burlington,* 42 Iowa, 315; *Burns* v. *Town of Elba,* 32 Wis. 605; Shearman & Redfield on Negligence, § 45.)

If a witness has testified falsely, his testimony should be totally disregarded. (*State* v. *Lee Hale,* 12 Or. 352.)

*Bailey, Ballery & Turner,* for Respondent.

Every tax-payer of a municipal corporation is subject to a challenge in an action against the municipality of which he is a member. (Code, subd. 4, § 184, p. 143; *Commonw.* v. *McLane,* 70 Mass. 427; *Hawes* v. *Gustin,* 84 Mass. 403; *Russell* v. *Hamilton,* 2 Scam. 57; *Wood* v. *Stoddard,* 2 Johns. 195; *Garrison* v. *City of Portland,* 2 Or. 123; Proffatt on Jury Trials, § 169.)

But defendant is not entitled to a challenge on this ground. (*People* v. *Maher,* 4 Mead, 247.)

Is the sustaining or overruling a challenge for actual bias

subject to a review? (*State* v. *Brown*, 7 Or. 199; *Trenor* v. *C. P. R. R.* 50 Cal. 222; 2 Abb. N. Y. App. 215.)

It is immaterial whether or not a bridge is exactly on the line of a county road, if it is adopted and recognized by the county in connection with the highway. (*McCalla* v. *Multnomah Co.* 3 Or. 424; *Rankin* v. *Buckman*, 9 Or. 260.)

It is the duty of a county to keep bridges and highways in good repair. (Code, § 71, p. 737; Code, § 870, p. 283; *Rankin* v. *Buckman*, 9 Or. 263; *McCalla* v. *Multnomah Co.* 3 Or. 424.)

Notice of unsafe condition may be inferred. (*Heilner* v. *Un. Co.* 3 Or. 83; *McCalla* v. *Multnomah County, supra.*)

Drunkenness is not evidence of negligence. (*Davis* v. *O. C. R. R. Co.* 8 Or. 175.)

Negligence on the part of the plaintiff is a matter of defense, and the burden of proof to establish the same is upon the defendant. (*Walsh* v. *O. R. & N. Co.* 10 Or. 251; *Grant* v. *Baker*, 12 Or. 330; *Pa. Canal Co.* v. *Bentley*, 66 Pa. St. 66; *Cleveland & C. R. Co.* v. *Rowan*, 66 Pa. St. 393; *Hill* v. *New Haven*, 37 Vt. 501.)

Slight negligence which does not contribute to the accident is not a bar to recovery. (*Holstein* v. *O. C. R. R. Co.* 8 Or. 163; *Dice* v. *W. T. & L. Co.* 8 Or. 60; *Bequette* v. *P. T. Co.* 2 Or. 200; *Wasner* v. *D. L. & W. R. R. Co.* 80 N. Y. 213.)

THAYER, J.— The respondent commenced an action in said Circuit Court against the appellant to recover damages for injury to certain personal property. He alleged in his complaint that on the 13th day of October, 1884, he was traveling through said county, transporting a quantity of household goods, and stock, cattle, and horses, and that while his team of four horses and a wagon, with a load of household goods, merchandise, and library, were being driven over and across the county bridge, over Butter Creek, in said county, at the "Ewing place," and the respondent was unaware of the bridge being defective or unsafe, and without fault or negligence on his part, it broke and fell, precipitating the team of horses and wagon, and load of goods, merchandise, and library, into said creek; that two of

the horses of the team were killed thereby, and the other two horses, the wagon, household goods, merchandise, and library were badly damaged; that said bridge was at said time a county bridge of said county, and was, and for a long time prior thereto had been, in an unsafe and insecure condition, and without proper protection or notice to citizens or travelers against accident. The respondent claimed general damages in the sum of seven hundred and seventy dollars, and one hundred dollars as special damages, on account of expenses incurred in consequence of the injury. The appellant denied in its answer that the bridge was a county bridge of said county; denied that respondent's team was lawfully passing over the same at the time of the occurrence, or that the respondent was unaware that the bridge was defective or unsafe, or was without fault or negligence, or that the horses were killed, and other property damaged by reason of the accident alleged in the complaint; denied any knowledge or information sufficient to form a belief as to the unsafe and insecure condition of the bridge at the time of the accident, or that it was without proper protection and notice to citizens and travelers against accident; and denied all the other material allegations of the complaint. The appellant also alleged in its answer that the bridge in question was a private bridge, erected by one H. D. Barton across Butter Creek some rods south of the county road crossing said creek; that said county road crossed the creek at a ford; and that at the time of the accident the creek was nearly dry and easily fordable; that the county road, at and near the ford, was a plain traveled road; that the respondent left it without cause or reason; that before his team was driven onto the bridge he was warned that it was unsafe; but that he was intoxicated at the time, and recklessly caused and directed the team to be driven upon it; that the defect in the bridge was the internal decay of the stringers, which was a latent defect. The new matter in the answer was controverted in a reply filed on the part of the respondent, and the case, thereupon, was at issue for trial.

The respondent's counsel filed a motion for a change of the place of trial, upon the grounds that the inhabitants of the

county were so prejudiced against the respondent that he could not expect to obtain an impartial trial of the cause. The appellant opposed the motion, and the court overruled it. Subsequently, the appellant's counsel filed a similar motion, upon the grounds that the judge of the court was so prejudiced against the appellant that it could not expect an impartial trial, which the respondent opposed, and the court also overruled; thereafter the case came on for trial before a jury. In impaneling the jury, the respondent's counsel claimed the right to challenge those they saw fit who were tax-payers in the county, on the grounds of implied bias. Accordingly, a number who were called as jurors were challenged upon said grounds, and the court sustained the challenges, to which the appellant's counsel saved exceptions. After the court had made such ruling the appellant's counsel interposed a challenge to one T. B. Morgan, who was called as a juror, upon the same grounds. The respondent's counsel resisted the challenge, and the court overruled it, to which the appellant's counsel excepted, and then challenged the juror peremptorily. Another juror called (R. Sargeant) was asked by the appellant's counsel if there was any prejudice or ill-feeling then existing in his mind against the present County Court of Umatilla County; also, if there was any such prejudice or ill-feeling growing out of the transaction in question; which several questions were objected to by the respondent's counsel, and the objections severally sustained by the court, and exceptions duly taken to the rulings. After the impaneling of the jury was completed, the parties proceeded to introduce their evidence on both sides, a number of objections were made and exceptions taken to the rulings of the court thereon. We have examined the various exceptions so taken and are of the opinion that no error was committed in respect thereto affecting the substantial rights of the appellant. The testimony being closed, the court gave a number of instructions to the jury, to which exceptions were taken upon the part of the appellant; also, a number of exceptions were taken by the appellant's counsel to the refusal upon the part of the court to give certain instructions as asked by said counsel. The instructions asked, and those given that

bore upon the merits of the case, are the following: The appellant's counsel asked the court to instruct the jury that, "before any recovery could be had in the action they must find that the bridge in question was either a public bridge of Umatilla County in fact, or was knowingly recognized as a county structure by the proper officials of said county at the time of the accident." This instruction the court gave as asked, except that the court omitted the words "at the time of the accident," and also left out the word "any" between the words "before" and "recovery." The court also instructed the jury as follows: "If you find that the bridge in question was of the character described in the foregoing instruction, before any recovery could be had in this action, you must find that the proper authorities of the county had been notified for a reasonable time prior to the accident of the defective condition of the bridge, or that it had been openly and notoriously unsafe to such an extent as to convey notice of its defective condition for a reasonable time prior to the accident. By a reasonable time is meant such time as, by the exercise of diligence, would have allowed of its repair or the prevention of public use. If you find that the breach in the bridge was the result of an internal decay of its supports, not perceptible to the observation, the defendant is not liable for damages resulting from such breach, unless actual notice of the unsound condition of such supports had been given to the proper officers of the county for a reasonable time before the occurrence of the accident." These instructions were certainly as fair as the appellant had a right to claim. We have always doubted the soundness of the rule which allowed a recovery against a county for such an injury, and have never been able to discover any such relation between a county and its officers as that of master and servant, or principal and agent, nor how the doctrine of *respondeat superior* could be made applicable; but it was established in this State, and we had to follow it until the legislature saw proper to change it, which it seems to have done at the last session thereof. (Session Law of 1887, p. 45.) The act, however, does not affect the judgment herein. The appellant's counsel also asked the court to instruct the jury that before any

recovery could be had, the plaintiff must have submitted to them a case clear of contributory negligence on his part; that the injury must have resulted exclusively from the negligence of the defendant, before it could be called upon to respond in damages therefor. This proposition would seem to imply that the plaintiff was required to establish that he was not guilty of negligence in the affair, which is not the rule. He was obliged to show that the injury was received in consequence of the defendant's negligence, and would not then be entitled to recover if his proof showed that he was also guilty of negligence, which contributed to the injury. In other words, he had to prove that the defendant's negligence occasioned the injury by evidence that did not implicate himself as being guilty of negligence in the affair, contributing to the result. It is immaterial whether a plaintiff in such a case is, as a matter of fact, guilty of negligence or not, unless the evidence upon one side or the other shows it. If it does not appear from the evidence adduced by the plaintiff, then the defendant must establish it. It primarily belongs to the defendant to prove it as a defense, though he may avail himself of the benefit of evidence tending to prove it, appearing from the plaintiff's own showing. The court had already, in effect, instructed the jury that the respondent was bound to exercise such care as a man of ordinary prudence would use, ordinarily, while driving along a public highway or over a county bridge; that is clearly inferable from the twelfth instruction given to the jury, and this we think is all that could reasonably have been asked. The court had also told the jury that slight negligence on the part of the plaintiff, which did not contribute to the injury, was no objection to his right to recover. This was in accordance with the decision of this court in *Bequette* v. *People's Transportation Company*, 2 Or. 200, and we see no reason to question its correctness. The appellant's counsel also requested the court to instruct the jury that if they found that the plaintiff was intoxicated at the time and place of the accident, the burden of the proof was upon him to show that he exercised due care, and if his intoxication contributed to the accident, he could not recover. The court had already instructed

the jury that the fact as to whether plaintiff was drunk or not could only be considered by them in relation to the question as to whether or not he was negligent; that drunkenness was not a defense by way of contributory negligence, unless it was the approximate cause of the injury complained of; and we suppose the court concluded that it had given upon that subject all the instruction necessary—at any rate, the judge refused to give the instruction asked. We can hardly imagine the ground upon which the instruction asked should have been given. Whether the respondent was drunk or sober, he had the right to suppose that a bridge open to the use of the public, and under control of the county officials, would bear up his load in crossing it. Possibly his judgment as to its strength might have been better while sober than while drunk; but the appellant can claim nothing upon that ground. The county, by leaving the bridge open to public travel, said, in effect, that it was secure, and because the respondent might be inclined to be more credulous when intoxicated than when sober, it was no fact that would excuse the appellant. We are unable to discover where or how the question of negligence could have arisen. The traveling public are not required to be bridge inspectors in order to entitle them to recover for such neglect, and their attempting to cross such a structure, circumstanced as this one seems to have been, under an assumption that it was safe, could not be charged as contributory negligence, whatever might be their condition as to intoxication or sobriety. There is no pretense that respondent drove his team carelessly or recklessly, or did any act which contributed to the injury except in attempting to cross the bridge, and the appellant, in the manner before suggested, invited him to do that. If the burden of proof is to be shifted in such a case in consequence of the intoxication of the plaintiff, it must be upon the ground that a drunken man is presumed to be careless in what he does; and that, therefore, proof of his being drunk authorizes the inference that he is guilty of negligence. The law will not excuse a person who has committed a wrong because he was intoxicated at the time; but that it will presume him guilty from that fact, cannot in our opinion be maintained.

If the respondent was intoxicated at the time of the occurrence, it was a circumstance tending to corroborate proof of carelessness; but, standing alone, it was not such proof. The appellant had, in order to make out its defense, to prove that the respondent was careless, whether drunk or sober, unless, as before suggested, such proof appeared from his own showing.

The appellant's counsel further requested the court to instruct the jury that if they found, either that the plaintiff was warned of the fact that the bridge was unsafe before the team that was injured was driven upon it, and being so warned, directed and ordered the teams to be driven upon it, or that Sherman Ford, the driver of the team which was injured, knew that the bridge was unsafe before he drove upon it, whether he communicated such knowledge to the plaintiff or not, and at the same time that the bridge might readily have been avoided, they must, in either of such cases, return a verdict for the defendant, which instruction the court refused. Upon what ground the instruction was refused does not appear. The evidence in the bill of exceptions, tending to explain the exception to the refusal of the court to give the instruction, consists, as we understand, of the testimony of Mr. Pennington as to what the said Sherman Ford told him regarding the accident, and circumstances under which it occurred. Sherman Ford was examined concerning the matter as a witness in the case, and denied emphatically that he warned his father, the respondent, as to the bridge being unsafe, or of the latter's directing or ordering him to drive upon it, or that he knew that the bridge was unsafe at the time he drove the team that was injured upon it. Mr. Pennington, however, testified that said Sherman told him, at the time referred to, an entirely different story, but still, did that establish the fact, or have any other effect than to impeach Sherman Ford? If the conclusion indicated is correct, and we think it must be, there was no testimony in the case entitling the appellant to ask for said instruction.

The instruction given by the court in regard to the measure of damages, we think was substantially correct. The question on that point merely involved the loss sustained by the respondent as the direct and proximate cause of the appellant's neglect.

XV. OR.—21.

The injury was to a kind of personal property that the jury were competent to estimate, almost without proof. The value of the property affected was easily ascertained, and we cannot see but that the assessment of damages was entirely fair and just. Such questions are so much within the province of a jury to determine, that this court will not reverse a judgment in such a case, unless a rule of evidence has been clearly violated, and an injustice been done the party in consequence. The case having been submitted to the jury, they made answer under direction of the court that the bridge in question was a county bridge in fact; that it was knowingly recognized as such by the proper officials of the county; that it was defective and dangerous, and that the county officials had notice of its condition prior to the happening of the accident; that the plaintiff was not intoxicated at the time and place of the accident, and that Sherman Ford did not have notice of the unsafe condition of the bridge before he drove his team upon it, and thereupon returned a general verdict in favor of the respondent for the sum of seven hundred dollars, upon which the judgment appealed from was entered. Upon the questions raised by the appellant's counsel while the jury were being impaneled, the court is of the opinion that in an action against a county to recover damages, it is a sufficient ground of challenge for implied bias under the laws of this State, that the juror called to try such action is a tax-payer in such county, and that such challenge may be taken by either party to the action; that the Circuit Court in this case properly sustained the challenge taken by respondent's counsel upon such ground, and should have sustained the challenge taken by the appellant's counsel upon that ground; but we are of the opinion that the latter, having afterwards challenged the juror peremptorily, thereby waived his challenge for cause. By adopting that course he avoided the effect of the rulings. The questions put by the appellant's counsel to the juror R. Sargeant, as to whether there was any prejudice existing in his mind against the County Court of Umatilla County, and whether there was any such prejudice or ill-feeling growing out of the transaction then before the court, were proper questions under a practice that has been permitted

in trial courts in the State, though we are not aware of its being authorized by statute. Questions of that character are asked in order to ascertain whether or not any grounds of challenge exist. But being a mere question of practice that has been permitted by sufferance of the trial courts, this court will not undertake to enforce it. The appellant's remedy, where the court refused to allow the said questions to be asked the juror, was to have submitted a challenge to the juror for actual bias, and specified the grounds upon which it was taken. Then, if the respondent's counsel had excepted to the challenge, and the Circuit Court determined that it was insufficient, the decision thereon could have been reviewed by this court. . Title 2 of chapter 2 of the Civil Code prescribes the mode of procedure in such cases, but as the matter now stands, this court cannot consider it.

It follows from the views herein expressed that the judgment appealed from must be affirmed, and it is so ordered.

Petition for a rehearing.

THAYER, J. — This court held, in this case, that in a trial of a civil action against a county for damages to an individual occasioned by an alleged neglect upon the part of the county, a tax-payer of the county was not qualified to sit as a juror, and indicated the opinion that either party to the action had the right to challenge a juror for cause upon that ground, but that where the challenge was interposed upon the part of the county, and overruled by the trial court, and the juror was afterwards challenged peremptorily upon the part of the county, it would be a waiver of the first challenge.

The counsel for the appellant have filed a petition for a rehearing, and in support thereof have cited a number of authorities, in which it has been held that a peremptory challenge made after a challenge for cause had been overruled by the trial court was not such waiver, where it was shown by the record that the party had exhausted his peremptory challenges before the panel was completed; which fact, they claim, is shown by the record in this case. We have inspected the record, and find that, upon the trial of the cause in the court below, the respond-

ent challenged several jurors for implied bias, because they were tax-payers of the county. In each instance the court sustained the challenges, and excluded the jurors challenged from the panel. The appellant's counsel then severally challenged three jurors for like cause, but the court refused to sustain these challenges, to which ruling an exception was taken; and said counsel then challenged each of said jurors peremptorily. These three challenges exhausted the appellant's peremptory challenges before the jury was completed, but no further objection seems to have been made in filling the panel. Since the petition for a rehearing, we have made a further examination of the question, as to the effect of overruling a challenge for bias, where the party interposing it has subsequently challenged the juror peremptorily. The general rule upon the subject seems to be, that if the trial court erroneously refuses to allow a challenge, and the party making it then excludes the juror by a peremptory challenge, the error of the court is waived if a jury is obtained before the party against whom the error is committed has exhausted his peremptory challenges; otherwise the error is deemed material. (*People* v. *Weil*, 40 Cal. 268; *Hubbard* v. *Rutlege*, 57 Miss. 7; *Hartnett* v. *State*, 42 Ohio St. 568; *State* v. *Brown*, 15 Kan. 400; *Iverson* v. *State*, 52 Ala. 170; *Bejarano* v. *State*, 6 Tex. App. 265; *Robinson* v. *Randall*, 82 Ill. 521; *Burt* v. *Panjaud*, 99 U. S. 180; *Benton* v. *State*, 30 Ark. 328; *State of Nevada* v. *Raymond*, 11 Nev. 98.) In the latter case, a further qualification of the rule as to the error becoming material is made, and is to the effect that an injury could only arise where the challenging party was compelled to exhaust all his peremptory challenges, and afterwards was compelled to have an objectionable juror placed on the panel for want of another challenge; and they all proceed upon the theory that the party will be presumed to have been injured by the ruling where he has been forced to exhaust all his peremptory challenges. And in all of them I believe the challenge for cause was on account of bias against the party interposing it, and the peremptory challenge was resorted to in order to exclude a juror in consequence of such bias; that the party had no alter-

native but to permit a juror, evidently prejudiced against him, and disqualified in consequence of such prejudice, to sit in the case, or to use one of the peremptory challenges to get rid of him. It may be well doubted whether the fact that the party challenging in such case exhausted all his peremptory challenges before the panel was filled, is sufficient of itself to authorize the inference that he has been injured in consequence of the erroneous ruling. The subsequent jurors in the case may have all been acceptable to him, and if he had had more peremptory challenges, would not have desired to use them.

The further test of the error having been prejudicial to him, required in the Nevada case, referred to above, seems to be reasonable. The court there held, that if a juror is challenged for cause, that challenge is overruled, and he is then challenged peremptorily. There does not necessarily arise any inference that the challenging party is thereby injured; and that is in harmony with all the other decisions cited. When, then, will it be inferred that he has been injured? Will it be when he has made all his peremptory challenges, or when he has been compelled to accept of an obnoxious juror in consequence of his having been compelled to exhaust them? The record in this case fails to show the existence of the latter alternative, or that any of the jurors were tax-payers of the county.

There is another feature in this case that, to my mind, has an important bearing. The ground of the appellant's challenge for cause was for a particular disqualification of the juror. It was not because he was prejudiced or biased against the appellant, but because he had an interest in the event of the action, which, under the wording of the statute, rendered him incompetent to sit. That interest, however, was of such a character as to incline the juror to favor the appellant, and the challenge for cause, therefore, was necessarily technical. The appellant was not compelled to resort to a peremptory challenge in order to exclude the juror for grounds for which he had been challenged for cause. There must have been an entire different reason from that for excluding him. His being a tax-payer of the county interested him in deciding in its favor, and the appel-

lant's counsel certainly must have had other reasons for objecting to his sitting.    I have grave doubts as to whether the refusal to sustain such challenge for cause as the one under consideration would, in any event, be such an error as would justify the reversal of a judgment.    It would be difficult to determine how the party in such a case could be injured by the error.    It seems to me, at least, that where a challenge to a juror is made by a party for cause, which under no circumstances could be prejudicial to the party, and the challenge is interposed as a mere technical right under the statute, that the party must stand upon his strict right, and that if he take a subsequent step in the proceedings, and objects to the juror, evidently for other reasons, he should be deemed to have waived his right to insist upon the former objection.    I attach very little importance to the claim that the appellant was compelled to exhaust all his peremptory challenges under any view of this case.

The challenges for cause, under the circumstances, were sought to be used as a kind of expedient—were employed as a sort of substitute for peremptory challenges, when the latter in strictness were the appropriate ones to be employed.    The appellant's counsel will not candidly claim that they desired any of the jurors that were drawn to be excluded simply because they were tax-payers of the county of Umatilla.    If the grounds of the challenge for cause had been of such a nature as would have been likely to prejudice the juror against the appellant, and the latter had been put to its peremptory challenge in order to exclude him, there would be more reason for claiming that the error was prejudicial.    But under the circumstances, as they exist, no such presumption can be drawn.

The petition for a rehearing will therefore be denied.