Argued March 7, affirmed March 26, 1918.

## WEST *v.* HEDGES.[*]

(171 Pac. 766.)

**Appeal and Error—Review—Presumptions—Evidence—Instructions.**

1. In an action by a school-teacher on a contract of employment,
where plaintiff made no motion for a directed verdict, nor reserved
exceptions to the court's charge, such charge not being contained in
the bill of exceptions, the judgment will not be set aside as not being
supported by the evidence, since it must be assumed on appeal that
the law was correctly declared by the court, and that the verdict was
justified by the evidence.

**Schools and School Districts — Void Teachers' Contracts — Directors
may so Declare—Notice.**

2. Where a teacher's contract of employment is void, the directors
of the district may summarily so declare it although the statute en-
titles a teacher to notice and a hearing before he can be discharged.

---

*On the constitutionality of statute requiring jurors to be taxpayers,
see note in 32 L. R. A. (N. S.) 414.                    REPORTER.

Jury—Qualification of Jurors—Taxpayer—Implied Bias.

3. Laws of 1915, page 332, makes the expense of educating pupils residing in one district and attending high school in another district a charge on the county. Section 4 determines the charge for which the county is liable, and requires the county school superintendent to make a report showing the number of high school pupils residing out of the districts in which the high schools are situate. A school-teacher, after his contract of employment had been rescinded by the directors before entering on his duties, brought suit thereon; the contract stipulating that the provisions of the state law regulating the employment of teachers should be a part thereof. *Held* that, if plaintiff recovered, he would recover damages for the wrongful conduct of defendants, and not compensation for services rendered, chargeable to the county, and therefore a talesman who did not own property, nor reside in the school district, was not disqualified to sit on the jury because the verdict might increase his tax rate; the judgment being chargeable to the district only.

     [As to bias, or prejudice, or interest which disqualifies a juror, see note in 9 Am. St. Rep. 744.]

Schools and School Districts—Teachers' Contracts—Evidence.

4. In a school-teacher's action on his contract of employment, evidence as to his lack of qualification may be introduced without first showing that he had been duly notified of defendants' contention, and had had an opportunity to present his case to the board; his contract of employment being void if he lacked the statutory qualifications of a teacher.

Appeal and Error—Review—Harmless Error.

5. In a school-teacher's action on a contract of employment, admission of parol evidence as to whether he possessed the statutory qualifications of a teacher, if error, *held* harmless.

From Clackamas: James U. Campbell, Judge.

Department 2. This is an action brought on a teacher's contract of employment. On May 24, 1915, the individual defendants were the directors of School District No. 62 in Clackamas County. On that day they entered into a contract of employment with plaintiff as instructor in the high school. The contract contained the following clause:

"It is hereby agreed and understood that the provisions of the State Law regulating the employment of teachers shall be a part of this contract."

On September 22, 1915, the defendants in their official capacity adopted the following resolution:

"Whereas it appears that James West, heretofore elected to a position as High School Science Teacher, has failed to qualify and is not properly certificated under the law to teach, now therefore, BE IT RESOLVED, That the contract heretofore entered into between said James West and School District No. 62 be and the same is hereby revoked and rescinded."

Plaintiff alleges and defendants deny that notwithstanding this action of the board plaintiff presented himself at the high school at the opening of the term and offered to teach. Plaintiff alleges that he was not permitted to teach and that because the school year had started he was unable to secure other employment as a teacher. He demands judgment for nine months' salary.

There was a verdict for defendants on which judgment was entered, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Elisha A. Baker.*

For respondent there was a brief and an oral argument by *Mr. Gilbert L. Hedges.*

McCAMANT, J.—1, 2. The parties are agreed that the contract of employment was void unless plaintiff held a certificate which qualified him to perform the stipulated service. The question of whether plaintiff held such certificate is discussed in the briefs, but we do not find it presented by the record. Plaintiff made no motion for a directed verdict, nor did he reserve any exceptions to the charge of the court. The court's instructions are not contained in the bill of exceptions. Plaintiff is not entitled on this record to contend that the judgment is without support in the evidence: *Marks* v. *First National Bank,* 84 Or. 601, 602, 603 (165

Pac. 673). We must assume that the law was correctly declared by the court and that the verdict was justified by the evidence.

There are but four assignments of error and one of these is expressly waived. The first error assigned is based on the denial of plaintiff's challenges of talesmen for implied bias.

3. It appears that plaintiff challenged fourteen talesmen on the ground that they were taxpayers in Clackamas County and therefore disqualified to try this cause. Plaintiff exhausted his peremptory challenges and was obliged to accept eleven of the talesmen so objected to. None of these jurors owned property, or resided, in District 62.

It is settled law that a taxpayer is disqualified as a juror in any case where the verdict may increase his tax rate: *Portland* v. *Kamm,* 5 Or. 362, 368, 369; *Ford* v. *Umatilla County,* 15 Or. 313, 323 (16 Pac. 33); *Elliott* v. *Wallowa County,* 57 Or. 236, 238 (109 Pac. 130, Ann. Cas. 1913A, 117). Plaintiff's contention as to the implied bias of these jurors is based wholly on the law which permits pupils residing in one district to attend high school in another district. The expense of educating these pupils is made a charge on the county: Laws of 1915, page 332. The charge for which the county is liable is determined by the provisions of Section 4 of Chapter 235 of the Laws of 1915. This section requires the county school superintendent to make a report showing the number of high school pupils residing out of the districts in which the high schools are situate. This report is required to show the cost of educating these pupils and this cost is determined as follows:

"The cost of educating each high school pupil of any high school district shall be determined by divid-

88 Or.—11

ing the total amount expended by the high school district for maintaining high school during any school year, by the average daily attendance of pupils enrolled in the high school or high schools of the district for the same year": Laws of 1915, p. 332.

The county school superintendent is required to certify to the County Court the cost of educating each pupil, multiplied by the number of such pupils and this total is provided for in the next tax levy.

The only expense which can be charged under the above statute to the taxpayers of Clackamas County is a certain proportion of the "amount expended by the high school district for maintaining high school during any school year." This language has been twice construed by this court: *School District* v. *Smith,* 82 Or. 443 (161 Pac. 706), and *School District* v. *Smith,* 84 Or. 50, 53 (164 Pac. 375). Money paid in liquidating any judgment which plaintiff might recover in this cause would not be "expended by the high school district for maintaining high school." Plaintiff did not teach during the school year 1915-16. If he were to recover in this cause he would secure damages for the wrongful conduct of defendants, not compensation for services rendered. Plaintiff's judgment, if any, would be paid by a tax levied on the property located in District No. 62: Laws of 1915, Chapter 159, Section 8. This charge could not be transferred in whole or in part to Clackamas County. It follows that the court did not err in denying plaintiff's challenges on the ground of implied bias.

4. Plaintiff's next assignment of error is based on the admission of evidence touching plaintiff's lack of qualification to teach without first showing that plaintiff had been duly notified of the contentions of defendants and had had opportunity to present his case to the board. The case of *Richards* v. *District School*

*Board*, 78 Or. 621, 635 (153 Pac. 482, L. R. A. 1916C, 789), on which plaintiff relies, involved the construction of a statute applicable only to school districts with a population of 20,000. This decision is not in point in the case at bar. In districts whose population is less than 20,000 the teacher is not in every case entitled to a hearing before dismissal. It is squarely held in *Foreman* v. *School District*, 81 Or. 587 (159 Pac. 1155, 1168), that the board of directors may summarily dismiss a teacher for breach of the contract of teaching. The right to a hearing must in any event be based on a valid contract of employment. Assuming as we must on this record that plaintiff lacked the statutory qualifications of a teacher, his contract was void and it was competent for the Board so to declare it: *School Directors* v. *Jennings*, 10 Ill. App. 643, 645; *School Directors* v. *Newman*, 47 Ill. App. 364; *Jackson School Township* v. *Farlow*, 75 Ind. 118; *Hosmer* v. *Sheldon School District*, 4 N. D. 197 (59 N. W. 1035, 50 Am. St. Rep. 639, 641, 25 L. R. A. 383).

5. The only remaining assignment of error is as follows:

"That the court erred in admitting any evidence of any verbal or oral statements made at the time of signing the contract or prior thereto which tended to vary, add to or in any wise change the terms of the written contract signed by the parties."

It is well settled that it is not competent to vary the terms of a writing by a separate parol agreement made at the time or prior thereto; *Looney* v. *Rankin*, 15 Or. 617, 621 (16 Pac. 660); *Portland Nat. Bank* v. *Scott*, 20 Or. 421, 424 (26 Pac. 276); *Edgar* v. *Golden*, 36 Or. 448, 451 (48 Pac. 1118, 60 Pac. 2); *Sund & Co.* v. *Flagg & Standifer Co.*, 86 Or. 289 (168 Pac. 300). The only testimony in the bill of exceptions to which

this assignment of error can possibly be applicable is the following:

"Q. Now, about the time this document was signed was it or was it not understood between you folks, the Board of Directors and Mr. West, that the certificate that he then possessed was not a proper one?

"A. I cannot say now. As I tried to recall what I think was—before this vote was had just whether I knew anything about his certificate or not. I do not know that it was accepted by me, and the Board, that he was proficient to teach the subjects he had been teaching in the school, or something similar. We did have then—I think he can tell better than I—an incipient agricultural course, to be sure, hardly born yet—"

This testimony is so noncommital and so utterly lacking in probative value that it cannot have prejudiced plaintiff. The error, if any, in permitting the foregoing question to be answered was harmless.

It follows that the judgment is affirmed.

AFFIRMED.

MOORE, BEAN and HARRIS, JJ., concur.