Argued December 16, 1926, reversed and remanded February 8, objections to cost bill sustained and costs taxed May 10, 1927.

# F. H. WHEELER ET AL. *v.* COBBS & MITCHELL CO.

### (253 Pac. 5.)

**Jury—Taxpayers Held Disqualified to Serve as Jurors in Individual's Action Against Corporation Sued by County for Damages Caused by Same Act (Or. L., § 122, Subd. 4).**

Taxpayers of county, which was suing corporation for damages by washing out of its bridges because of defendant's sudden release of impounded water from its dam, *held* disqualified, under Section 122, subdivision 4, Or. L., to serve as jurors in action by individual against such corporation for damages so caused, though their interest was very small.

See 16 R. C. L. 279.
Evidence, 23 C. J., p. 19, n. 34.
Juries, 35 C. J., p. 316, n. 72.

From Lincoln: GEORGE F. SKIPWORTH, Judge.

In Banc.

REVERSED AND REMANDED.    COSTS TAXED.

For appellant there was a brief over the names of *Messrs. McCamant & Thompson* and *Mr. C. L. Starr,* with an oral argument by *Mr. W. Lair Thompson.*

For respondents there was a brief over the names of *Mr. Oscar Hayter, Mr. Arthur Clarke* and *Mr. G. B. McCluskey,* with oral arguments by *Mr. Hayter* and *Mr. Clarke.*

McBRIDE, J.—This is an action against the defendant arising out of practically the same circumstances as the case of *Crawford* v. *Cobbs & Mitchell Company, a Corporation.* At the threshold of the case we were met by an objection to the rulings of the court refusing a change of venue arising out of the following facts. It appears by affidavit, which was not contradicted in the respect herein mentioned, that Lincoln County, the county in which this action was brought, had begun an action to recover $75,000 damages against the defendant by reason of the washing out of its bridges; that said action was then pending in the court, and that the jurors summoned, being taxpayers, were disqualified from serving by reason of their interest as taxpayers in the result of said action.

Section 122, Or. L., provides for challenge for implied bias, which may be taken for the following causes: 1. Consanguinity or affinity within the fourth degree to either party. 2. Standing in some relation to the adverse party. 3. Having served as a juror on a previous trial, etc.

"4. *Interest on the part of the juror in the event of the action, or the principal question involved therein.*"

Owing to its importance here, we italicize the last clause in the section.

It seems needless to say that every taxpayer in Lincoln County has an interest in the principal question involved in this action, to wit, the alleged negligence of the defendant in opening its dam. Our statute seems explicit on this point and whatever may be the ruling in other jurisdictions, and they are sometimes contradictory, we find no reason to construe the law as not referring to a very small interest, such as that of a taxpayer, as referred to in any different light from an interest that applies generally to larger financial interests.

The judgment is reversed and the cause is remanded to the Circuit Court, with directions to grant a change of venue if insisted on.

REVERSED AND REMANDED, WITH DIRECTIONS.
COSTS TAXED.

BELT, J., not sitting.