Argued May 10, affirmed July 25, 1962

# UNION HIGH SCHOOL DISTRICT NO. 3 JT. *v.* JAROSS ET AL

373 P. 2d 608

*Richard Smurthwaite,* Deputy District Attorney, Hillsboro, argued the cause for appellants. With him on the briefs was Francis W. Linklater, District Attorney, Hillsboro.

*James E. Burdett,* Hillsboro, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

Chapter 674, Oregon Laws, 1955, as later amended, abolished all non-high school districts within the state. A section of that Act required the county courts, or commissioners, of the various counties to levy taxes upon property formerly within any of the abolished districts to pay any unpaid claims for tuition or transportation which an abolished district may have owed when its existence terminated. Washington County Non-High School District was one of the districts abolished. When it ceased to function it was indebted to plaintiff school district for unpaid transportation and tuition. By the process provided by the statute plaintiff sought to have the county court of Washington county levy the tax provided. The defendants, who are the members of the county court of Washington county and the county assessor, refused to make the levy. Plaintiff sought and the trial court allowed a writ of mandamus to compel the levy. Defendants appeal.

The case was decided below on a demurrer to the alternative writ so the facts before us are limited. It appears that a review of the statutory process by which the legislature created and later abolished these non-high school districts will clarify a later statement of the issues to be decided. For convenience, the pertinent legislative enactments will be referred to as they appear in the session laws.

Chapter 194, Oregon Laws, 1933, created the non-high school districts we are concerned with. In addition to creating the districts, the 1933 Act provided for the election of boards of education to administer the affairs of the districts and granted to the boards limited power and certain duties. Section 6 of the Act provided that it should be the "duty" of a board to "enter into contracts in writing" with any school district maintaining a standard high school for the tuition of high school students within the non-high school district and for the transportation of the students to the high school in the contracting district. Washington County Non-High School District and plaintiff were parties to such a contract when the non-high school district was abolished as mentioned. The non-high school district was then indebted to plaintiff for unpaid tuition and transportation.

True to its historical pattern the legislature when it abolished the districts, made precise provision for the payment of debts like the one here involved. The 1955 Act, (Chapter 674) mentioned earlier, provided that the existence of the districts would terminate on June 30, 1958. The Act established a means for the payment of debts. In 1957 the legislature amended the 1955 Act and extended the termination date to June 30, 1960. Chapter 583, Oregon Laws, 1957. By apparent inadvertence, the 1957 Act omitted the sections relative to the payment of debts. In 1959, Chapter 119, Oregon Laws, 1959, the legislature corrected the omission and amended the 1955 Act again and added the two sections which now concern us:

"Sec. 2. (1) The district boundary board shall dispose of all property or equipment belonging to the former non-high school district. All moneys derived from the sale of the same shall be placed in the Non-High School District Account for dis-

position under subsections (2) or (3) of this section.

"(2) If the funds available in the Non-High School District Account in any county are not sufficient to meet the outstanding claims for tuition, transportation or any other legally incurred obligation, the county school superintendent shall certify the amount necessary to meet such claims to the county court or county board of commissioners who shall then levy a tax on all taxable property of *all elementary school districts which comprise the* former non-high school district *on July 1, 1959,* to raise the amount necessary to satisfy such claims."

The italicized portion above is an amendment to the 1955 Act. The 1955 Act provided that the tax should be levied on the taxable property "* * * in such former non-high school district. * * *"

We do not know if the defunct Washington Non-High School District had any property when its function ended. Nor, if it did have property, that it was sold as above required. It is stated in defendants' brief: "The non-high district, in the final budget of its existence, failed to levy sufficient to pay the claims of plaintiff and others." In any event, there were no funds available in the "Non-High School District Account" to pay the debt.

Defendants advanced several reasons for their refusal to comply with the quoted statute. All of them are based upon the false premise that the levy would have to be included in the Washington County budget and be included in the county's tax base, and that the debt would thereby become a county debt. Every argument advanced by defendants is premised on this assumption that the tax would be a county tax.

■ The statute makes it clear, and the trial court so held, that defendants were compelled by the mandate

of the legislature to "levy a tax on all taxable property of all elementary school districts which comprise the former non-high school district on July 1, 1959 * * *", not upon any other taxable property. The levy would have no effect upon the county's tax base. The tax must come from the taxable property described in the statute. This court has considered the duty of county officials in respect to like statutes too often to have any vestige of doubt as to the duty of defendants in this situation. *State ex rel. v. Malheur County Court,* 1949, 185 Or 392, 203 P2d 305; *Eugene School Dist. No. 4 v. Fisk,* 1938, 159 Or 245, 79 P2d 262; *School District No. 24 v. Smith,* 1920, 97 Or 1, 191 P 506; *State v. Stannard,* 1917, 84 Or 450, 165 P 566, 165 P 571.

■ Defendants violated their duty when they failed to levy the tax required by the legislature. The order appealed from is affirmed.