Argued January 10, affirmed February 23, 1967

DAVIS, *Appellant, v.* MILLER ET AL, *Respondents.*

424 P. 2d 250

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondents. With him on the brief were Hershiser, Canning, Pullen, Mitchell & Rawls, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

Plaintiff appeals from the judgment entered on the small amount of damages the jury awarded him in this action for injuries received in an automobile accident. The particular emphasis on this appeal is that the trial court erred in refusing to allow a motion for a change of venue from Marion to Multnomah county. Plaintiff's motion for a change of venue recited:

> "[Defendant] School District No. 24 J, as is all other school districts in this state, is supported from a tax fund created by a taxation of all taxable property within Marion county. The jury selected in Marion county as in all other counties in this state are to be selected from those names contained on the latest tax roll and registration books of the county, or either of them, and thus any jury selected to try this case would of necessity be composed of primarily tax payers in this county. Any panel of jurors chosen to try this case, if chosen according to the provisions of law, would have an interest in the outcome of this action, and would therefore be disqualified to sit as jurors within the meaning of ORS 17.140 (4). * * *."

The motion was not directed at the possible prejudice of the taxpayers of defendant School District 24 J. It is limited to persons paying taxes to Marion county. Although the school district is within Marion county, its boundaries are not coterminous with the county.

At the start of the trial, before any prospective jurors were called, plaintiff renewed the motion by

asking the court "for a ruling on the question again." He asked that he be "entitled to challenge any taxpayer, who might be called to serve as a juror, on the ground of implied bias  *  *  *." The court refused the request. Both these rulings are assigned as error on this appeal.

During the voir dire examination of the prospective jurors, that followed the court's preliminary ruling, plaintiff did not ask any of them if they were taxpayers of School District 24 J. He only inquired if they paid taxes to Marion county. Nothing more was asked. Thus the only record before us discloses prospective jurors who paid taxes to Marion county. We do not know what other taxes they may have paid or of any taxpayer prejudice a prospective juror may have felt. Our inquiry is directed at the state of the record.

It is true that ORS 328.005 requires the county to levy a tax of no more than $10 per each census child within the county to create a county school fund. This fund is apportioned among the various school districts within a county. The amount of money necessary to provide for this common school fund is the maximum amount that Marion county can levy for school purposes in the usual course of county taxation.[1] Those prospective jurors whose only disclosed tax obligation was to Marion county, could not have been compelled to pay more taxes regardless of any judgment that could be entered in this case. Consequently, the amount of any judgment that may have been entered against School District 24 J could not increase the taxes of

---

[1] We have not attempted to find other statutes, not called to our attention, for any additional responsibility of a county to levy taxes for school purposes. See, for example, Union H. S. Dist. No. 3 v. Jaross et al, 1962, 231 Or 489, 373 P2d 608.

such a Marion county taxpayer in the slightest amount. A Marion county taxpayer could not have been prejudiced for that reason alone. It is apparent that plaintiff's motion did not state a compelling reason for a change of venue. *West v. Hedges,* 1918, 88 Or 158, 162, 171 P 766. The court did not abuse its discretionary power when the motion for change of venue was denied. *Multnomah Co. v. Willamette T. Co.,* 1907, 49 Or 204, 219, 89 P 389. *State v. Nagel,* 1949, 185 Or 486, 513, 202 P2d 640, cert den 338 US 818, 70 S Ct 60, 94 L E 495 (1949). For the same reasons the court did not err in refusing plaintiff's renewal of the motion at the start of the trial.

Affirmed.