Argued and submitted April 7, peremptory writ issued December 15, 1982

STATE ex rel DOUGLAS COUNTY et al
*Plaintiffs-relators,*
CRS GROUP ENGINEERS, INC.,
dba Straam Engineers,
*Plaintiff-intervenor,*
*v.*
SANDERS,
*Defendant.*
(SC 28329)
655 P2d 175

F. Gordon Allen, Portland, argued the cause for plaintiffs-relators. With him on the briefs was Joseph A. Yazbeck, Jr., Portland.

Michael J. Caro, Portland, argued the cause for defendant. With him on the brief were Daniel J. Seifer, and Kobin & Meyer, P.C., Portland.

Charles F. Adams of Stoel, Rives, Boley, Fraser & Wyse, Portland, filed briefs for plaintiff-intervenor.

PETERSON, J.

## PETERSON, J.

In 1865, this court held that taxpayers of a public body are absolutely disqualified from sitting as jurors in any lawsuit in which the public body has a pecuniary interest. *Garrison v. City of Portland,* 2 Or 123, 124 (1865). The most recent restatement of the rule was in 1927, in *Wheeler v. Cobbs & Mitchell Co.,* 121 Or 422, 424, 253 P 5 (1927).[1] We issued an alternative writ of mandamus in the case at bar to consider whether residents of a county are necessarily disqualified from sitting as jurors in any case in which the county has a pecuniary interest in the outcome. We hold that county residents are not disqualified from serving as jurors solely because the county has a pecuniary interest in the outcome.

This mandamus proceeding arises from an action pending in Douglas County Circuit Court in which Valley Inland Pacific Constructors, Inc. (VIPCO), seeks damages exceeding $525,000 from Douglas County for breach of contract in connection with the construction of a water treatment plant in Douglas County.[2] The case was first filed in Multnomah County. For reasons not relevant to this opinion, venue was transferred to Douglas County. Thereafter, VIPCO filed a motion for a change of venue to Lane County or Linn County, citing ORS 14.110(1)(c) and (d)[3] and ORCP 57D.[4] In support of its motion, VIPCO submitted an affidavit from its counsel which stated:

---

[1] Neither *Davis v. Miller,* 246 Or 102, 424 P2d 250 (1967), nor *City of Portland v. Holmes,* 232 Or 505, 376 P2d 120 (1962), are in point on the question involved in this case.

[2] Other defendants against whom separate claims are made are John Hebard, a county employee described in an affidavit as "project manager of the [VIPCO-County] contract," and CRS Group Engineers, Inc., dba STRAAM Engineers.

[3] ORS 14.110(1)(c), (d):

"(1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and, either:

"* * * * *.

"(c) That the convenience of witnesses and the parties would be promoted by such change; or,

"(d) In an action, that the judge or the inhabitants of the county are so prejudiced against the party making the motion that he cannot expect an impartial trial before said judge or in said county, as the case may be."

[4] ORCP 57D(1)(f):

"Plaintiff's Motion is well supported and well founded in law in that ORCP 57D(1)(f) has been interpreted by courts in the State of Oregon to mean that all taxpayers of a county may be disqualified for cause as, and are incompetent to act as, jurors in a civil action involving that county."

The motion was granted and the trial court ordered: "Venue is changed to Coos County." Douglas County promptly filed a petition for an alternative writ of mandamus in this court claiming that the trial judge's order was "erroneous as a matter of law."

■    Although the parties have referred to other issues in their briefs,[5] the sole basis for the order changing venue appears to have been the trial court's belief that all Douglas County jurors were disqualified as a matter of law.[6] Although that conclusion is consistent with our early decisions, we no longer hold that residents are disqualified to sit as jurors solely because the public body in which they reside has a pecuniary interest in the litigation.

Between 1865 *(Garrison v. City of Portland, supra)* and 1927 *(Wheeler v. Cobbs & Mitchell Co., supra),* this court repeatedly held that every taxpayer living within the borders of a public body has an interest in the outcome of any action involving the public body and is impliedly biased, and therefore disqualified from sitting as a juror in

---

"Challenges for cause may be taken on any one or more of the following grounds:

"* * * * *.

"(D)(1)(f) Interest on the part of the juror in the outcome of the action, or the principal question involved therein."

[5] Douglas County also asserts (1) that because a venue provision in its contract with VIPCO states that any disputes "shall be tried in the County of the State in which the work was or is to be performed," venue must be in Douglas County; and (2) that because John Hebard is a "public officer" and ORS 14.050(2) requires that actions against a "public officer" be "commenced and tried in the county where the cause * * * arose," venue must be in Douglas County. We reach neither question in this case.

[6] Although VIPCO's motion invoked the "convenience of witnesses and the parties" provision of ORS 14.110(1)(c), there is nothing in the record to support the conclusion that the trial court ordered the change of venue under ORS 14.110(1)(c). Mandamus is not available to review the exercise of trial court discretion. *State ex rel Ware v. Hieber,* 267 Or 124, 128, 515 P2d 721 (1973); ORS 34.110. *See* Hurley, *Venue in Civil Proceedings in Oregon,* 36 Or L Rev 47, 66 (1956).

the action.[7] *Wheeler v. Cobbs & Mitchell Co., supra,* is illustrative. In that case, Lincoln County brought a damage action against the defendant to recover $75,000 "by reason of the washing out of its bridges." 121 Or at 423. The statute, Lord's Oregon Laws § 122, was similar to ORCP 57D(1)(f) and provided:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise:

"* * * * *.

"4. Interest on the part of the juror in the event of the action, or the principal question involved therein."

In reversing an order refusing the defendant's motion for change of venue, the court stated:

"It seems needless to say that every taxpayer in Lincoln County has an interest in the principal question involved in this action, to wit, the alleged negligence of the defendant in opening its dam. Our statute seems explicit on this point and whatever may be the ruling in other jurisdictions, and they are sometimes contradictory, we find no reason to construe the law as not referring to a very small interest, such as that of a taxpayer, as referred to in any different light from an interest that applies generally to larger financial interests." 121 Or at 424.

A more detailed justification for the per se disqualification rule is found in this quotation from *Elliott v. Wallowa County,* 57 Or 236, 241-42, 109 P 130 (1910) (quoting *Wilson v. Wapello County,* 129 Iowa 77, 105 NW 363, 364 (1905)):

"* * * 'When, however, a county is proceeded against, the court is confronted with quite a different situation. While there is no requirement in the statute that one must be a taxpayer to be eligible as a juror, yet it is fair to presume that each person drawn for jury service is the owner of some property, greater or less in amount of value, which is the subject of taxation. Indeed, we think it within common experience in this state that the appearance of a nontaxpaying juror furnishes a rare exception to the rule. And it is hardly conceivable that a panel should be drawn

[7] Other cases reaching the same result include *City of Portland v. Kamm,* 5 Or 362, 367-69 (1874); *Ford v. Umatilla County,* 15 Or 313, 16 P 33 (1887); *Multnomah Co. v. Willamette T. Co.,* 49 Or 219, 89 P 389 (1907); *West v. Hedges,* 88 Or 158, 171 P 766 (1918).

in any county presenting a sufficient number of nontaxpaying members to make it possible to make up a jury out of such for the trial of a case. It may be true enough that, after exhausting the regular panel, the drawing of talesmen might be resorted to and continued indefinitely until a sufficient number of jurors who could pass challenge should be found. Conceding the possibility of such a course, and to say nothing of the expense incident thereto, we should be very slow to condemn the discretionary action of a trial court in refusing to compel parties to submit their important matters of difference to a jury which might be eventually thus made up. * * *' " 57 Or at 241-42.

Between 1862 and 1921, jurors were drawn from the "last preceding assessment roll of the county." General Laws of Oregon § 921 (M. Deady 1865); The Codes and General Laws of Oregon § 952 (W. Hill ed 1887); The Codes and Statutes of Oregon § 970 (C. Bellinger § W. Cotton eds 1902); Lord's Oregon Laws § 995 (W. Lord & R. Montague eds 1910); Or Laws § 995 (1920). Beginning in 1921, jurors were chosen "from the latest tax roll and registration books of the county, or from any other official source of information." Or Laws 1921, ch 273, § 7. Currently, the jury list is prepared "by selecting names by lot from the latest voter registration lists or any other source which will furnish a fair cross section of the county * * *." ORS 10.110.[8]

■  Whatever validity the per se disqualification rule may have had in earlier times, we are convinced that the need for the rule no longer exists. Our reasons are:

— The interest that jurors have in the outcome of a case in which a county has a pecuniary interest is not substantial enough to require automatic disqualification. The financial interest of a juror arising solely from status as a taxpayer or resident alone normally is too remote and minute to affect his innate sense of justice and fairness to all parties concerned. There are many instances in which jurors could be said to have some interest. Jurors might be said to have an interest in every civil or criminal case involving a fine or forfeiture. See *City of Portland v. Kamm,* 5 Or 362, 369 (1874). In most cases, voir dire examination will be sufficient to disclose actual bias. If a case

---

[8] To be a juror, one must be a citizen of the United States and' a county inhabitant over 18 of a sound mind. ORS 10.030.

arises that is so important, so substantial, that it is likely that jurors would be "so prejudiced against the party * * * that he cannot expect an impartial trial * * * in [that] county," a motion for a change of venue under ORS 14.110(1)(d) could be made and should be granted upon a proper showing.

— Claims against public bodies are not uncommon, particularly with the advent of the Tort Claims Act, ORS 30.260-.300, and recent experience indicates that claimants against public bodies can receive fair trials in the county where the public body is located. Although the absence of appellate cases involving claims of per se prejudice is not conclusive, we have seen few such claims since the Tort Claims Act was passed in 1967. Or Laws 1967, ch 627. Likewise, in the condemnation area we have seen few instances of claims that a landowner could not obtain a fair trial if inhabitants or taxpayers of the public body were permitted to sit on the jury.[9]

— Finally, looking to the experience of other states, no state has *adopted* the per se disqualification rule in the last 20 years, and some states have abandoned the rule, as we do. *See Ridglea, Inc. v. Unified School Dist. No. 305,* 206 Kan 111, 476 P2d 601 (1970); Annot., 81 ALR 2d 708 (1962 & Later Case Service 1980 & Pocket Part 1982). *See also* 10 ALR 4th 1046 (1981).

A peremptory writ of mandamus will issue directing the trial judge to set aside the order of November 23, 1981.[10]

---

[9] Before 1971, ORS 223.125 provided that in condemnation cases involving cities "[t]he fact that a juror may be a taxpayer upon property within the city shall not be ground for challenge unless he is owner of property to be appropriated." *See City of Portland v. Holmes,* 232 Or 505, 376 P2d 120 (1962). Although ORS 223.125 was repealed in 1971, 1971 Or Laws ch 741, § 38, ORS 34.245 now requires that all condemnation cases be filed in the circuit court of the county where the property is located.

[10] We do not suggest that the plaintiff is precluded from renewing its motion for a change of venue under ORS 14.110(1)(d). If such a motion is filed, the plaintiff will have to make a showing that it cannot expect an impartial trial in Douglas County because the inhabitants are prejudiced against it.