Argued and submitted March 17, reversed and remanded with instructions to dismiss petition May 24, 1989

## STATE ex rel CITY OF PORTLAND et al,
*Appellants,*

*v.*

## KEYS et al,
*Respondents.*

## (A8707-04407; CA A46393)

773 P2d 1347

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause for appellants. With him on the briefs was Jeffrey L. Rogers, City Attorney, Portland.

Wayne Mackeson, Portland, argued the cause for respondents. With him on the brief was Des Connall and Dan Lorenz, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this mandamus proceeding, the City of Portland (City) and Paresi appeal from an order of the circuit court directing a district court judge to enter an order in a criminal case that the Portland Police Bureau Internal Investigation Unit (IIU) and Paresi, the custodian of records, provide a criminal defendant and his attorney with all statements of witnesses in an IIU file.

The defendant in the criminal case moved to compel production of the IIU file and served a subpena on Paresi, requiring him to present it. City filed a motion to quash the subpena.[1] The district court ordered an *in camera* inspection of the file and then, after the inspection, ordered its production. City brought this mandamus proceeding for an order directing the district court to quash the subpena and to deny the motion to compel production. The circuit court entered an order directing the district court to enter an order requiring production of the file, which the district court had already done.

■ City argues that the file is protected from disclosure under ORS 192.501(13) as confidential documentation of a personnel discipline action. As in *City of Portland v. Rice,* 94 Or App 292, 765 P2d 228 (1988), *rev allowed* 307 Or 514 (1989), no discipline was recommended or imposed as a result of the IIU investigation and, consequently, the materials are not exempt from disclosure.

■ In *State ex rel Wilson v. Thomas,* 74 Or App 137, 700 P2d 1045, *rev den* 300 Or 64 (1985), we held that, pursuant to ORS 135.815(1), records of an arresting officer's statements contained in an IIU file are subject to disclosure and are discoverable by a criminal defendant.[2] The decision whether to require disclosure depends on the trial court's determination after reviewing the file that it does or does not contain discoverable information. That is a judicial, not a ministerial, decision. Mandamus cannot be used as a means of controlling or challenging an act of judicial discretion, ORS 34.110; *State ex rel Douglas County v. Sanders,* 294 Or 195, 655 P2d 175

---

[1] We refer to both appellants as "City."

[2] We decline City's invitation to overturn that decision.

(1982), and this mandamus proceeding is not, therefore, a proper means of challenging the district court's order. The circuit court did not overturn the district court's decision; it directed the district court judge to order production of the file, which it had already done. Instead, it should have dismissed the petition.[3]

Reversed and remanded with instructions to dismiss the petition.

---

[3] In view of this holding, we do not address City's other assignments. However, assuming that mandamus would otherwise have been appropriate, we do not suggest that the district court could have issued the order that it did.