LEDGER, Appellant, *v.* McKENZIE, Respondent.

(No. 7,775.)

and

ODEKIRK, Appellant, *v.* McKENZIE, Respondent.

(No. 7,776.)

(Submitted November 17, 1938.   Decided December 7, 1938.)

[85 Pac. (2d) 352.]

*Messrs. Freeman, Thelen & Freeman,* for Appellants, submitted briefs; *Mr. J. P. Freeman* argued the cause orally.

*Messrs. R. H. Glover, S. B. Chase, Jr.,* and *John D. Stephenson,* for Respondent, submitted briefs; *Mr. Glover* argued the cause orally.

338

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiffs brought separate actions against the same defendant for personal injuries severally sustained while riding as guests in an automobile driven by a third person. The cases were tried together in the district court, resulting in separate verdicts and judgments in favor of the defendant in each action. Separate appeals were perfected to this court from these judgments. The cases were argued together and present identical questions. Motions for new trial were made, heard and denied.

The errors assigned relate to the failure of the trial court to grant the motions for new trial. Cascade county, in which the cases were tried, is in the eighth judicial district, which district has two district judges. Both maintain chambers at Great Falls. It appears from the record that on April 19, 1937, in the trial of a cause then pending in the district court of Cascade county, the Honorable H. H. Ewing presiding de-

clared an emergency and ordered a special venire to issue, to be drawn from jury box No. 3. A like order was made by the same judge in the same case, and a· further venire ordered drawn from the same jury box on the succeeding day. From among the jurors drawn, certain of them from both panels reported and were added, pursuant to the order of the court, to the regular trial panel theretofore drawn and in attendance upon the court. The other district judge, Honorable C. F. Holt, did not participate in the drawing of these two special panels.

Subsequently these cases came on for trial, with Judge Ewing presiding, and when the trial jury for these cases was drawn Judge Holt did not participate in the drawing of the jury. Some of the jurors drawn in these special panels were selected as jurors on the trial of these cases. No challenge to the array was interposed and no objection made challenging the right of any of these jurors to serve, until the motions for new trial were made.

Sections 8903, 8904, 9334 and 9341, Revised Codes, were amended by Chapter 151 of the Laws of 1937 (sec. 1–3, 5). They relate to the drawing of regular panels of trial jurors, the drawing of jurors for the trial of issues of fact in any case, and the drawing of jurors from jury box No. 3, where they are drawn for the purpose of participating in a single cause. The amendatory Act does not expressly amend section 8911, relating to the drawing of jurors from jury box No. 3 for the participation in the trial of cases. These amendatory sections provide that in counties where there are two or more district judges residing, each of such judges must participate in such drawing, and the capsules shall be drawn alternately by such judges, and lots shall be cast to determine the order in which such judges shall draw.

As stated, Judge Holt did not participate in the drawing of any of these jurors mentioned supra. It is the contention of the plaintiffs on these appeals that his failure to so participate was an irregularity in the proceedings of the court entitling them to new trials.

Section 9343 declares that each party may challenge the ▮▮▮▮ jurors as follows: (1) To the panel or array; (2) for cause; and (3) peremptorily. Section 9344 enumerates the various grounds for challenging for cause. We have said with reference to challenging for cause, that if "a defendant does not avail himself of the privilege of examining into the qualifications of prospective jurors before the jury is sworn, he may not assign a juror's incompetency as ground for a new trial, even though his knowledge of the incompetency comes to him for the first time after the trial." (*Stagg* v. *Stagg*, 96 Mont. 573, 32 Pac. (2d) 856, 864; see, also, *State* v. *Danner*, 70 Mont. 517, 226 Pac. 475; *State* v. *Hoffman*, 94 Mont. 573, 23 Pac. (2d) 972.) This being the rule with reference to failure to challenge for cause, no logical reason is suggested why a different rule shall obtain with reference to challenges to the array. The general rule is that, by failing to challenge or object, a party waives an irregularity in the impaneling of a jury. (35 C. J. 369; *Silvers* v. *Payne*, (Tex. Civ. App.) 282 S. W. 876; *State* v. *Hilbish*, 126 Kan. 282, 267 Pac. 1109.)

Counsel for plaintiffs urge upon us the decision in the case of *State* v. *Rouner*, 333 Mo. 1236, 64 S. W. (2d) 916, 92 A. L. R. 1099, as announcing a rule contrary to the general one, and its applicability here. The Missouri case holds, in effect, that if counsel does not have the knowledge, or means of knowledge, of the irregularity in the drawing of the jury, or the panel from which it is selected until after the verdict, the question may be raised for the first time on motion for new trial. We have no quarrel with that ruling, but in this case the minutes of the court in the cases in which these special panels were drawn clearly indicate that Judge Holt did not participate in the drawing of these special venires. Counsel had the means of knowledge, and while it may be true that the fact and manner of the drawing were not brought home to them personally, nevertheless such means of knowledge were at their command, and therefore, these cases do not come within the rule of the Missouri court.

By their failure to make timely objection plaintiffs waived any right to urge these irregularities. The motions for new trial were properly denied. The judgments are affirmed.

MR. CHIEF JUSTICE GODDARD and ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.