SCHOOL DISTRICT NO. 1 OF SILVER BOW COUNTY, MONTANA, A PUBLIC CORPORATION, PLAINTIFF AND RESPONDENT, *v.* GLOBE AND REPUBLIC INSURANCE COMPANY OF AMERICA, A CORPORATION, INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, WESTERN LIFE INSURANCE COMPANY, A CORPORATION, NEW ZEALAND INSURANCE COMPANY, ET AL., DEFENDANTS AND APPELLANTS.

No. 10553

Submitted March 21, 1963. Decided July 15, 1963.

383 P.2d 482.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Poore, Poore & McKenzie, Butte, Weymouth D. Symmes (argued orally), Billings, for appellants.

Robert J. and David L. Holland, Mark P. Sullivan, Butte, David L. Holland (argued orally), Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying a motion for change of venue.

The plaintiff, respondent here, is School District No. 1 of Silver Bow County.

The defendants, appellants here, are Fire Insurance Companies who had issued policies which were in force at the time of the fire. The School District brought suit against the Insurance Companies for damages of $221,571 for loss of the Franklin School Building which was burned on or about January 21, 1961. The Insurance Companies answered, admitting the coverage, admitting a loss by fire, but denying the amount of the loss. An affirmative defense set forth that the damage by fire was not as extensive as alleged because the school building had first been damaged by an earthquake, condemned, abandoned, and fixtures removed. Under the pleadings the only question was as to the amount of loss sustained.

A motion for change of venue was made based upon an affidavit which read in part:

"That School District No. I of Silver Bow County, Montana, constitutes all of the City of Butte, Montana, and its outlying metropolitan area, including the areas of Walkerville, Centerville, Meaderville, and the unincorporated residential area lying to the south of the City of Butte; that the jury panel now called and selected to try cases in Department No. I of said court and particularly the above-entitled action, consists of thirty-five (35) persons, all of whom except one, reside in said School District No. I and are taxpayers who necessarily support and by their taxes contribute to the maintenance of School District No. I and who are debtors of School District No. I for taxes upon their property, which taxes became a lien on the first Monday of March of the year 1962; that no jury could be chosen from said venire which would not be directly finan-

cially interested adversely to the defendants and each of them in the above-entitled action; that the needs of School District No. I and the amount of future taxes payable by the jurors would be affected by the amount of any judgment which might be rendered against the defendants and that the jurors and each of them would have a pecuniary interest in the result of the litigation, all of which would prevent the defendants and each of them from securing a disinterested and impartial jury."

The counter-affidavit of plaintiff asserted:

"That the boundaries of School District No. 1 of Silver Bow County, a Public Corporation, does not include the entire County of Silver Bow;

"That he is informed and believes and therefore alleges that there are many persons otherwise qualified for jury duty and reside out of School District No. 1 and within the County of Silver Bow, Montana;

"That he is informed and believes and therefore alleges that the taxes of the taxpayers of School District No. 1 of Silver Bow County, Montana, would not be increased as a result of the outcome of the case now pending before the Court."

At the hearing on the motion, the following admissions were made:

"That School District No. 1 of Silver Bow County, Montana, does not comprise all of Silver Bow County; that of approximately 29,000 persons on the jury list of Silver Bow County approximately 1,000 do not live in School District No. 1 of Silver Bow County, Montana."

The district court denied the motion for change of venue and this appeal was taken. The single specification of error goes to the denial of the motion for change of venue.

The motion was based upon the fact as appears from the affidavits that the jury panel consisted, with one single exception, of taxpayers of School District No. 1 and upon the further showing that any panel called at any time would consist mainly, odds of 29 to 1, of taxpayers of School District No. 1. It is

the defendants' position that where, as here, the fair value of the loss is the sole issue, they cannot have a fair and impartial jury when the jury is bound to be composed of taxpayers who they assert have an interest in the outcome, the defendants, all being Insurance Companies.

R.C.M.1947, § 93-2906, provides in part:

"The court or judge must, on motion, change the place of trial in the following cases: * * *

"2. When there is reason to believe that an impartial trial cannot be had therein."

We have held in a long line of cases that an order denying a change of venue will not be set aside except for an abuse of discretion. (See McGraff v. McGillvray, 135 Mont. 256, 339 P.2d 478, and 342 P.2d 736 (on motion for rehearing.) Our problem then is to determine whether, under the showing made here, the trial court abused its discretion; or stated another way, was such a showing made that a fair and impartial trial could not be had in Silver Bow County that it was an abuse of discretion to deny a motion for change of venue.

In searching for the answer to the problem as to what constitutes an abuse of discretion in refusing to change venue, the peculiar circumstances and factors here are important. Appellants pose these questions:

(1) Are jurors, resident in School District No. 1, disqualified for cause because of their interest in the litigation?

(2) Does the fact that most jurors, of any Silver Bow County jury, would be residents of School District No. 1 require that the venue be changed to assure a trial by a fair and impartial jury?

The respondent argues three different reasons why the change of venue motion was properly denied:

(1) There are sufficient jurors to try the case even if the taxpayers of School District No. 1 are disqualified.

(2) The taxpayers of School District No. 1 are not disqualified as jurors solely by reason of being taxpayers.

(3) That, in any event, if taxpayers are disqualified, *all* Montana residents are disqualified because of the state equalization laws which have an effect of distributing school tax burdens on all state taxpayers.

■ As to appellants' first question, are taxpayers of District No. 1 disqualified per se as jurors?

R.C.M.1947, § 93-5011, subd. (5), as to challenges for cause provides:

"5. Interest on the part of the juror in the event of the action, or in the main question involved in the action, except his interest as a member or citizen of a municipal corporation."

And, subdivision 3 of section 93-5011, further disqualifies one who stands in the relation of debtor and creditor except when the same arises solely by reason of current bills for utilities.

Does a taxpayer have such an interest as expressed in subdivision (5) above?

First, appellants argue the School District is not a municipal corporation. In State ex rel. City of Missoula v. Holmes, 100 Mont. 256, 47 P.2d 624, 100 A.L.R. 581, this court held that cities and towns are true municipal corporations while counties and school districts are bodies corporate or political subdivisions of the state. Thus, the appellants argue the exception does not apply to school districts since the language is "municipal corporation".

Appellants argue that the doctrine of *"Expressio unius est exclusio alterius"* applies so that the express exclusion of "interest as a member or citizen of a municipal corporation" is an expression of the Legislature by its failure to exclude other entities such as school districts and/or counties.

This doctrine does not apply here however. The Legislature has, for example, in R.C.M.1947, § 93-2903, provided that actions against a county may be tried in that county. (See our discussion in State ex rel. Mont. Deac. Hospital v. Park County, 142 Mont. 26, 381 P.2d 297.) Clearly the Legislature did

not mean that by just being a taxpayer disqualifies a juror when the suit involves the state, a county, or as in this case a school district. Otherwise many cases could not be tried in our state courts.

Also, R.C.M.1947, § 93-1303, provides who are not competent to act as jurors as:

"1. Who does not possess the qualifications prescribed by section 93-1301; * * *."

And R.C.M.1947, § 93-1301, subd. 4, provides who are competent to act as jurors as those "assessed on the last assessment roll of the county on property belonging to him or her."

If the Legislature intended to require suits against a county to be brought in that county as in section 93-2903, and then in the next breath, as in section 93-5011, subd. (5) disqualified all jurors because taxpayers had an "interest" in the outcome, it would be a strange and ridiculous result. It would, in effect, provide immunity against suit by a county.

But, even so, the appellants argue that being a taxpayer is such an interest as to disqualify a juror in a suit against the county or school district as here. In 31 Am.Jur., Jury, § 189, it is said:

"In the absence of statutory provision governing the competency of a resident or taxpayer of a county or municipality as a juror in a case in which the county or municipality is a party, the authorities are conflicting."

In 81 A.L.R.2d 714, appears an Annotation of cases in which the rule is considered as above "in the absence of statutory provisions." We think our previous discussion of the statutory provision as read in connection with other statutory provisions indicates a legislative intent to include taxpayers of governmental units as qualified jurors not having such an "interest" (without more) as to be subject to challenge for cause. But we observe from the Annotation in 81 A.L.R.2d as above, that many states, if not a majority, do not allow challenges for cause because of the taxpayer category considered.

■ Appellants go on in their brief to assert that subdivision 3 of section 93-5011, disqualifying a juror where a debtor-creditor relationship exists, also disqualifies a taxpayer because a taxpayer is a debtor of the school district. Appellants cite no authority for this proposition, and we have found none. The same reasoning as hereinbefore expressed applies.

■ Finally, appellants assert that the financial condition of Silver Bow County is such, and has been made judicially known to this court, that the above circumstances of taxpayers being jurors make a fair trial in Silver Bow County impossible. By this same logic, we observe that the Insurance Company appellants, are doing business in Silver Bow County and writing policies of insurance with full knowledge that issues for juries may develop.

By what we have heretofore said, we do not find that the district court abused its discretion in denying the motion for change of venue. The order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, ADAIR and DOYLE, concur.