CARTER COUNTY, a Body Politic, Plaintiff and Respond-
ent, v. CAMBRIAN CORPORATION, d/b/a Western
Crude Marketers, Inc., Timberman Truck Rentals, Inc.,
Equipment Rentals, Inc., and Ted Braun, Jr., Defendants
and Appellants.

No. 10598.

Submitted November 6, 1963. Decided December 31, 1963.

387 P.2d 904.

Lamey, Crowley, Kilbourne, Haughey & Hanson, George C.
Dalthorp (argued), Billings, for appellants.

Colgrove & Brown, Miles City, Otis L. Packwood, Billings,
Roland V. Colgrove, Miles City (argued), for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order denying a motion for a change of venue.

The plaintiff, respondent here, is Carter County, a body politic or a political subdivision, State of Montana.

The defendants, appellants here, are the Cambrian Corporation, doing business as the Western Crude Marketers, Inc., Timberman Truck Rentals, Inc., The Equipment Rentals, Inc., and Ted Braun Jr. Carter County brought suit alleging that on April 25, 1962, at about the hour of 12:30 P.M. on a public highway called the Mill Iron Camp Crook Road in Carter County, Montana, the defendant, Ted Braun, Jr., was operating and driving a tractor-trailer in the business of and for the defendant, Cambrian Corporation, Inc., or Timberman Truck Rentals, Inc., or Equipment Rentals, or all three of the defendants, and that the said Ted Braun, Jr., negligently and carelessly drove the tractor and trailer against parts of the bridge owned by the plaintiff, damaging the bridge and causing it to buckle and collapse.

That as the result of the negligence the bridge was damaged and destroyed to plaintiff's damage in the sum of $50,000. The Cambrian Corporation and Ted Braun, Jr., filed a motion to dismiss and a motion for a change of venue. Change of venue was denied.

The only question posed by appellants is that the district court erred in denying the motion for a change of venue.

The appellants contend that a change of venue should have been granted because: (1) There is reason to believe an impartial trial cannot be had within Carter County. (2) All members of any jury which might be impanelled in the cause in Carter County must necessarily be taxpayers of Carter County, and are therefore disqualified under the provisions of section 93-5011, R.C.M.1947.

The appellants argue the above two propositions together. First, by uncontradicted affidavits, it was shown that there were approximately 1,600 taxpayers in Carter County, and,

that each taxpayer, as a prospective juror, had a mathematical average stake, or interest, of over $31 in the lawsuit since the prayer for damages in the complaint was for $50,000.

Further, by affidavit, it was shown that within very recent years in a very similar law suit involving a county bridge over the same stream, a jury awarded the full amount of damages prayed for, $40,000; and further that many citizens of Carter County were spectators at that trial. From this, appellants argue that a very large proportion of Carter County residents and prospective jurors became familiar with the facts of that case and the judgment rendered therein.

The respondent County, on the other hand, argues that taxpayers are not disqualified as jurors, solely by being taxpayers; and that an insufficient showing was made to the trial court that a fair trial could not be had.

Recently, this court in School District No. 1 of Silver Bow County v. Globe & Republic Insurance Co. of America, 142 Mont. 220, 383 P.2d 482, held that jurors per se are not disqualified because they are taxpayers of a school district. We stated: "Clearly the Legislature did not mean that by just being a taxpayer disqualifies a juror when the suit involves the state, a *county*, or as in this case a school district." Emphasis added. It is on this premise respondent insists that resident taxpayers of Carter County are not disqualified as jurors, and thus a fair trial might be had.

Appellants, on the other hand, say this begs the question involved here. They assert that it is not a question of simply whether being a taxpayer disqualifies a resident in a case in which a county is plaintiff, but, rather, where each and every prospective juror in a county has a substantial pecuniary interest in the outcome of litigation, the disqualification applies, and as a result, *ipso facto,* a fair trial is not possible.

Section 93-5011, R.C.M.1947, provides in part: "Challenges for cause may be taken on one or more of the following grounds * * *

"5. Interest on the part of the juror in the event of the action, or in the main question involved in the action, except his interest as a member or citizen of a municipal corporation * * *."

Section 16-810, R.C.M.1947, provides: "On the trial on an action in which the county is interested, the inhabitants of such county are competent jurors, if otherwise competent and qualified according to law."

Section 93-2903, R.C.M.1947, provides: "An action against a county may be commenced and tried in such county, unless such action is brought by a county, in which case it may be commenced and tried in any county not a party thereto."

This latter section was taken from a California statute, Section 394 of the California Code of Civil Procedure. California has since amended its statute several times so that now it is worded so as to make a change of venue proper where a county sues a non-resident. However, our section 93-2903, stands as originally drafted and seems to mean that where one county sues another county, a neutral county may be the situs for trial.

As to sections 93-5011 and 16-810 previously quoted, our inquiry remains, does a substantial pecuniary interest in the main question involved, viz., liability and damages, give rise to the disqualification of all jurors in a county to such an extent that under section 93-2906, R.C.M.1947, a change of venue must be granted?

Section 93-2906, provides in part: "The court or judge must, on motion, change the place of trial in the following cases: * * *

"2. When there is reason to believe that an impartial trial cannot be had therein. * * *."

In attempting to search out legislative intent, in the Silver Bow School District case, supra, we noted: "If the Legislature intended to require suits against a county to be brought in that county as in section 93-2903, [except where another county

is also a party] and then in the next breath, as in section 93-5011, subd. (5) disqualified all jurors because taxpayers had an 'interest' in the outcome, it would be a strange and ridiculous result. It would, in effect, provide immunity against suits by a county."

This same rationale seems proper to use here. Even granting that the average amount of interest on the part of a juror might be as much as $31 each, it seems to us that the Legislature in enacting section 16-810, making inhabitants of an interested county competent jurors, if otherwise competent, must have contemplated taxpayer's interests as being all the way from minute to substantial; but nonetheless the juror qualifies.

Appellants suggest that section 16-810 was "undoubtedly enacted to allow residents of a county to act as trial jurors in criminal cases and also in cases where the pecuniary interest of each individual was remote." We do not accept this reasoning. Why is it less important in criminal cases to have a fair jury or what yardstick determines remoteness of a taxpayer's interest?

Appellant cites the weight of authority from 50 C.J.S. Juries, § 216, as being contrary. Also, appellants cite Wheeler v. Cobbs & Mitchell Co., 121 Or. 422, 253 P. 5, and Sheridan County v. Davis, 61 N.D. 744, 240 N.W. 867.

The Oregon court in the Wheeler case, cited above, construed section 122, subd. (4), Or.L., which is similar to our section 93-5011, subd. (5), strictly. They held that every taxpayer in Lincoln County had an interest in the principal question involved in the appeal, and that a pecuniary interest, whether large or small, whether from a taxpayer or otherwise, was sufficient to disqualify them from jury duty.

We do not construe section 93-5011, subd. (5), R.C.M.1947, that inflexibly. If section 93-5011, subd. (5), were construed that strictly, a change of venue would have to be granted in a multitude of cases, from misdemeanors to felonies, and in civil

cases, in any action wherein a city, county or our state is a party and in which jurisdiction the action was being held, and where there was a possibility of a pecuniary fine or judgment being rendered, the taxpayers of that city, county or our state would automatically be disqualified because of their "interest" in the case. This we feel is extending the definition of "interest" too far.

In Sheridan County v. Davis, 61 N.D. 744, 240 N.W.867, 871, supra, the North Dakota Court, stating that a county is a municipal corporation (to the contrary of our holding in State ex rel. City of Missoula v. Holmes, 100 Mont. 256, 47 P.2d 624, 100 A.L.R. 581), then held that a taxpayer of a municipal corporation is not a competent juror and that therefore, a change of venue was proper.

For further discussion, both pro and con on this subject, see 81 A.L.R.2d 710, and following.

In our discussion and analysis so far, we have not dwelt upon the attempt of appellants to show by affidavit the situation of a previous case and its results with the conclusion of appellants that this demonstrates that Carter County residents will not be impartial. We cannot accept this conclusion. For all that appears there was no bias or prejudice. No appeal from the previous judgment was taken so we assume that substantial justice was done.

This court, under the fact statement presented, cannot believe that a fair trial cannot be held in Carter County, and, as we have previously discussed, we can find no Montana authority, either in the statutes or this court's decisions that confer upon us, the prerogative of stating that the trial court abused its discretion.

We quote from McGraff v. McGillvray, 135 Mont. 256, 339 P.2d 478, wherein we said, "Since two members of the court think the motion [change of venue] should have been granted and since every member of the court is desirous of assuring defendant a fair trial we have concluded to permit defendant

to renew his motion if it develop that a fair and impartial jury cannot be obtained."

The order of the district court denying the motion for a change of place of trial is affirmed.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR concur.