No. 14309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

MARILYN A. KEITH, Administratrix
of the Estate of Lloyd D. Keith,
deceased,

Plaintiff and Appellant,

-vs-

LIBERTY COUNTY HOSPITAL and
NURSING HOME, and LIBERTY COUNTY,
a body politic and corporate, d/b/a
LIBERTY COUNTY HOSPITAL AND NURSING
HOME,

Defendants and Respondents.

Appeal from:   District Court of the Twelfth Judicial District,
               Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Dzivi, Conklin, Johnson & Nybo, Great Falls, Montana
        William P. Conklin argued, Great Falls, Montana

    For Respondents:

        Smith, Emmons, Baillie and Walsh, Great Falls, Montana
        James Walsh argued, Great Falls, Montana

Submitted:   June 14, 1979

Decided AUG 1 1979

Filed AUG - 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The District Court of Liberty County denied plaintiff's motion for change of venue. Following a trial resulting in a jury verdict for defendant, plaintiff appeals from the order denying a change of venue.

In June, 1975, plaintiff filed an action for damages arising out of the death of her husband. Defendants in the action were the Liberty County Hospital and Nursing Home and Liberty County. Plaintiff alleged that negligence on the part of the hospital caused her husband's death and sought to hold Liberty County, who operates the hospital, liable.

More than two years later as the trial date approached, plaintiff filed her first motion for a change of place of trial. The grounds alleged were that 42 of the 48 members of the jury panel were county taxpayers who had a direct pecuniary interest in the outcome of the trial. As taxpayers, they would have to pay higher property taxes to cover any uninsured judgment in favor of plaintiff. Plaintiff claimed this pecuniary interest precluded an impartial trial within the meaning of what is now section 25-2-201(2) MCA. This motion was never ruled upon.

A new jury panel was drawn on January 12, 1978 and on February 6, 25 days later, plaintiff filed a renewed motion for a venue change. This motion was substantially the same as the first one except it recited that 49 members of the new 51 person panel were Liberty County taxpayers. On March 9, the District Court denied the motion. Trial began on March 13, 1978 and resulted in a jury verdict for the Hospital. At no time during empanelment of the jury or during the course of the trial did plaintiff challenge the panel or seek to have any juror disqualified because of county taxpayer status.

In appealing, plaintiff contends that because of their

- 2 -

pecuniary interest, county taxpayers are not qualified to be jurors in cases where the county is a party. By analogy, she asserts that the presence of a large number of county taxpayers on the jury panel is a ground for changing the place of trial.

This Court has previously held that taxpayer status is not a ground for juror disqualification. School Dist. No. 1. v. Globe & Republic Ins. Co. (1963), 142 Mont. 220, 383 P.2d 482. Here, it is not necessary for us to reach this argument for in failing to challenge the panel or any juror for cause on the basis of taxpayer status, plaintiff waived any objections she might have had. Ledger v. McKenzie (1938), 107 Mont. 335, 340, 85 P.2d 352, 353.

Plaintiff has referred the Court to cases from other states which hold that where jurors are not disqualified because of their status as taxpayers, a motion for change of venue may nevertheless be granted. Olson v. City of Sioux Falls (1935), 63 S.D. 563, 262 N.W. 85; Sheridan County v. Davis (1932), 61 N.D. 744, 240 N.W. 867. Montana case law is contrary, Carter City v. Cambrian Corp. (1963), 143 Mont. 193, 387 P.2d 904; Good Roads Machinery Co. v. Broadwater Co. (1933), 94 Mont. 68, 20 P.2d 834.

We hold that plaintiff waived her right to a change of place of trial in any event for failure to timely move therefor.

> "Any request for change in place of trial for grounds 2 and 3 of section 25-2-201, Montana Code Annotated, must be presented by motion within 20 days after the answer to the complaint, or to the cross-claim where a cross-claim is filed, or the reply to any answer, in those cases in which a reply is authorized, has been filed; except that whenever at some time more than 20 days after the last pleading has been filed an event occurs which thereafter affords good cause to believe that an impartial trial cannot be had under ground 2 of said section 25-2-201, and competent proof is submitted to the court that such cause of impartiality did not exist within the 20-day period after the last pleading was filed, the court may entertain a motion to change the place of trial under ground 2 of section 25-2-201 within 20 days after that later event occurs." Rule 12(b)(iii), M.R.Civ.P.

Neither the first motion nor the renewed motion for change of venue

was made within 20 days after the answer or within 20 days after an event affording good cause to believe an impartial trial could not be had. Plaintiff argues that the event causing impartiality was the January 12 jury panel selection.

In this case neither the first motion nor the renewal motion for change of venue was timely. Plaintiff has acknowledged in her brief that the first motion for change of venue was not made within 20 days after the then existing jury panel was drawn. Thus the first motion was untimely under Rule 12(b)(iii), M.R. Civ.P. The second jury panel was drawn on January 12, 1978. The second or renewed motion for change of venue was not made until February 6, 1978. This motion was likewise untimely because it was not made within the 20-day time limit specified in Rule 12(b)(iii).

We hold that since both motions for change of venue were untimely; the District Court's denial of a change of place of trial was correct.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -