JUSTICE DALY
dissenting:
I respectfully dissent.
The majority holds that the manner in which the jury was selected violated sections 25-7-202 and 25-7-204, MCA, and thereby abridged the District’s fundamental rights to a fair and impartial jury. The majority relies upon State v. District Court, County of Silver Bow (1959), 136 Mont. 354, 348 P.2d 143; Ledger v. MacKenzie (1938), 107 Mont. 335, 85 P.2d 352; and State v. Fitzpatrick (1977), 174 Mont. 174, 569 P.2d 383. While each of these cases does in fact discuss the necessity for a District Court to follow the statutory procedures when selecting a jury, there are some important distinctions between the facts in the present case and those in the cases relied upon by the majority.
In State v. District Court, County of Silver Bow, supra, the trial judge failed to follow the statutory procedures for selecting a jury venire when he drew slips of paper, which were numbered and represented prospective jurors, from the jury box. The slips of paper were not enclosed in separate black capsules. The failure to follow this statutory procedure was challenged by counsel on the very next day, before any jury was actually impaneled. This Court held:
“It is not the right of the individual necessarily involved, but rather the entire jury system and the selection procedures which must be protected, and when a showing is timely brought before this Court we would be remiss in our duties if we permitted material deviation or departure from the pro *176 cedures spelled out by the legislature.” (Emphasis added.) 348 P.2d at 146.
The general rule as set out in 50 C.J.S. Juñes, § 175 at 903, emphasizes the timeliness of an objection by stating, “Objections because of irregularities in drawing or summoning the jury should be made before the jury is impaneled and sworn, and if not so made ordinarily are not available after verdict on a motion in arrest or for a new trial.” See, State v. Steen, (1916), 29 Id. 337, 158 P. 499. In this case no objection was made by counsel until one week after the verdict had been entered. This delayed objection cannot be considered timely, and it begs the question as to whether counsel would have objected had the verdict gone the other way.
The District contends, and the majority agrees, that counsel did not discover the improper method of impaneling the jury until a week after the trial. They cite Ledger v. MacKenzie, supra, to support their argument that irregularities in selection of a jury panel can be objected to after a verdict has been entered. This is a misinterpretation of the holding Ledger.
Ledger states the general rule that a party who fails to challenge or object waives an irregularity in the impaneling of a jury. 85 P.2d at 352. This Court, when discussing the “knowledge” necessary for a timely objection held:
“Counsel had the means of knowledge, and while it may be true that the fact and manner of the drawing were not brought home to them personally, nevertheless such means of knowledge were at their command, and therefore, these cases do not come within the rule of the Missouri court.” 85 P.2d at 353. Here, counsel also had the “means of knowledge”, for he merely had to ask, at anytime, how the jury was impaneled. It is hard to imagine that, if counsel felt that the jury was not impartial at the time of trial, he would wait until a week after the verdict before objecting to the impaneling.
State v. Fitzpatrick, supra, was not a reversal that was based upon the questionable nature of the jury selection procedure. It was a reminder to the Thirteenth Judicial District that it shall use and comply with the jury selection statutes. This Court said, “[w]e stated initially that this matter was not *177 properly raised on appeal, but it is of sufficient import to warrant a full discussion for future guidance.” 569 P.2d at 389.
Here, as in Fitzpatrick, the selection of jurors was not in total compliance with sections 25-7-202 and 25-7-204, MCA. However, the objection to the procedure was not timely and, therefore, should not be the basis of a reversal. Further, there has been no indication the jury hearing the case was anything but fair and impartial.