

DA 08-0329

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 231

DONALD S. EKLUND,

      Plaintiff and Appellant,

  v.

WHEATLAND COUNTY, and
its Sheriff, JAMES ROSENBERG,

      Defendant and Appellees.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Wheatland, Cause No. DV 01-13
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas E. Towe, Towe, Ball, Enright, Mackey & Sommerfeld, PLLP, Billings, Montana

      For Appellees:

          Norman H. Grosfield and Dee Ann G. Cooney, Grosfield Law Firm, Helena, Montana

                     Submitted on Briefs:  May 13, 2009

                           Decided:  July 9, 2009

Filed:

      _____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     We reversed the summary judgment issued in favor of Wheatland County and its sheriff in *Eklund v. Trost*, 2006 MT 333, 335 Mont. 112, 151 P.3d 870, (*Eklund I*) and remanded the case to the District Court.  The case proceeded to trial and from those proceedings Donald Eklund (Eklund) filed this timely appeal. We affirm.

¶2     Eklund raises the following issues on appeal:

¶3     **Issue 1: Whether § 3-15-302(2), MCA, violates provisions of the Montana and United States Constitutions.**

¶4     **Issue 2: Whether the District Court erred when it denied Eklund's motion for change of venue.**

¶5     **Issue 3: Whether the District Court erred when it refused to allow the jury to consider the source of payment for any damages that might be awarded.**

¶6     **Issue 4: Whether the District Court erred when it refused to strike a prospective juror for cause.**

¶7     **Issue 5: Whether the District Court erred when it denied Eklund's motion for judgment notwithstanding the verdict, or motion for new trial.**

### PROCEDURAL AND FACTUAL BACKGROUND

¶8     We discussed at length the facts giving rise to this matter in *Eklund I*, specifically ¶¶ 6-19.  We will repeat here only those facts pertinent to this appeal.

¶9     Eklund attempted to change the venue of the trial following our remand in *Eklund I*.  He argued that the amount of damages that he sought would affect the potential jurors.

He reasoned that the jurors most likely would be taxpayers in Wheatland County who would be saddled with the cost of any judgment against Wheatland County. Eklund feared that the juror's concerns of potentially higher taxes to pay the award would prejudice him. The District Court denied Eklund's motion.

¶10 Eklund raised the issue of who would be liable for a judgment against Wheatland County during voir dire. Eklund attempted to have potential juror Wayne Butts (Butts) removed for cause. Butts owned a particularly large tract of land in the county. Butts expressed concerns from where the money for a potential verdict would come. Counsel for Wheatland County objected to the removal of Butts. The Court allowed the parties to question Butts further before denying Eklund's motion. Eklund eventually removed Butts from the panel with a preemptory challenge.

¶11 Eklund attempted to inform the jurors of Wheatland County's pooling arrangements (insurance coverage) regarding the satisfaction of any verdict. The court did not allow Eklund to question the potential jurors directly about the source of the money available to cover any judgment against Wheatland County during voir dire, during the presentation of evidence, and through the issuing of jury instructions. The court also denied Eklund's attempts to present evidence of the pooling arrangements to the jurors.

¶12 The issue arose again during the settling of jury instructions. The court instructed the jury that they could not consider whether the county could afford to pay an award in determining damages. The court also instructed the jury not to consider whether an

3

award would raise taxes and whether an award would serve as a windfall for Eklund. The court struck the mention of "insurance" from an instruction offered by Eklund.

¶13 The jury returned a verdict in favor of Wheatland County. Eklund moved for a judgment notwithstanding the verdict. Eklund asserted that he had presented overwhelming evidence to demonstrate the county's liability. Eklund also argued that this overwhelming evidence, in conjunction with various alleged errors made by the trial court, required the court to grant the motion. Eklund moved in the alternative for a new trial. The court denied both requests. Eklund appeals.

## STANDARDS OF REVIEW

¶14 We presume statutes to be constitutional and it is the duty of the Court to avoid an unconstitutional interpretation if possible. *Montanans for Responsible Use of School Trust v. State of Montana ex rel. Board of Land Commissioners*, 1999 MT 263, ¶ 11, 296 Mont. 402, 989 P.2d 800. A statute will be upheld on review except when proven to be unconstitutional beyond a reasonable doubt. *School Trust*, ¶ 11.

¶15 We review for an abuse of discretion a district court's ruling on a motion for change of venue. *State v. Pease*, 227 Mont. 424, 433, 740 P.2d 659, 664 (1987). We will not overturn a district court's ruling on admissibility of evidence absent a showing of abuse of discretion. *Christofferson v. City of Great Falls*, 2003 MT 189, ¶ 8, 316 Mont. 469, 74 P.3d 1021. The same abuse of discretion standard applies to jury instructions. *Edie v. Gray*, 2005 MT 224, ¶ 12, 328 Mont. 354, 121 P.3d 516. We likewise review for

4

abuse of discretion a district court's denial of a challenge for cause of a potential juror. *Crail Creek Associates, LLC v. Olson*, 2008 MT 209, ¶ 13, 344 Mont. 321, 187 P.3d 667.

¶16 When reviewing a motion for judgment notwithstanding the verdict, we view all of the evidence in a light most favorable to the non-moving party. *Okland v. Wolf*, 258 Mont. 35, 38, 850 P.2d 302, 304 (1993). The court may grant the motion only if it appears that the non-moving party cannot recover upon any view of the evidence, including legitimate inferences to be drawn from it. *Okland*, 258 Mont. at 38, 850 P.2d at 304. We determine whether substantial credible evidence supported the verdict when reviewing a district court's refusal to grant a new trial based upon alleged insufficiency of the evidence. *Payne v. Knuston*, 2004 MT 271, ¶ 25, 323 Mont. 165, 99 P.3d 200.

## DISCUSSION

¶17 **Issue 1: Does § 3-15-302(2), MCA, violate provisions of the Montana and United States Constitutions?**

¶18 Eklund asserts that concern by jurors regarding the size of the potential verdict denied him a fair trial and violated due process. Section 3-15-302(2), MCA, provides that the inhabitants of the county may serve as jurors if otherwise competent and qualified according to the law when a county is an interested party in a trial. A person is competent to serve on a jury if they are 18 or older, a resident of the area for 30 days, and a United States citizen. Section 3-15-301, MCA.

¶19 We previously have addressed this residency issue and held that being a taxpayer of a county or district that is a party does not provide a reason for disqualification.

5

*Carter County v. Cambrian Corp.*, 143 Mont. 193, 387 P.2d 904 (1963); *School District No. 1 v. Globe and Republic Ins. Co.*, 142 Mont. 220, 383 P.2d 482 (1963). The potential jurors at issue in *Carter County* and *School District 1* had remote potential interests in the outcome of the case due to the possibility of increased taxes to cover a potential award against the governmental entity. We rejected challenges in both cases that the jurors' status as taxpayers of the county or district could constitute grounds for disqualification.

¶20    Eklund provides little support other than his repeated concern that allowing jurors to serve who fear that they would be liable for satisfaction of the verdict is unconstitutional. Eklund cites no authority to support his claim that simply being a taxpayer constitutes a disqualifying interest. Eklund has failed to establish beyond a reasonable doubt that § 3-15-302(2), MCA, violates his constitutional right to a fair trial and due process of law. *School Trust*, ¶ 11.

¶21    **Issue 2: Did the District Court err when it denied Eklund's Motion for Change of Venue?**

¶22    A judge must change the place of trial when there exists a reason to believe that an impartial trial cannot be held or when the convenience of witnesses and the ends of justice would be promoted. Section 25-2-201(2)-(3), MCA. Eklund asserts that ample reason exists to believe that an impartial jury could not be achieved in Wheatland County. Eklund further asserts that, as each juror was either a taxpayer or related to a taxpayer, each juror had an interest in the outcome.

6

¶23 A party seeking to overturn a denial of change of venue must show that a fair and impartial trial could not have been had. *School Dist. No. 1*, 142 Mont. at 223, 383 P.2d at 484. The legislature did not intend that simply being a taxpayer would disqualify a person from sitting on the jury. *School Dist. No. 1*, 142 Mont. at 225, 383 P.2d at 485.

¶24 Counsel for Eklund and Wheatland County established during voir dire that the potential jurors were willing to return a verdict in favor of Eklund if the facts necessitated such a finding. The jurors also admitted they would be willing to return a large verdict if the evidence supported one. Nothing from voir dire leads us to believe that the jury would have been unwilling to deliver a verdict in Eklund's favor. Some jurors admittedly expressed concerns about the source of the verdict award, but none of the jurors stated that this concern would affect their impartiality.

¶25 Eklund cites multiple cases from other jurisdictions in support of his argument. We find these cases to be distinguishable from the issue at hand. For example Eklund cites *Wheeler v. Cobbs & Mitchell Co.*, 253 P. 5 (Ore. 1927), in which the court held that taxpayers are absolutely disqualified from serving on a jury when the county is a party. Eklund fails to inform that this rule of law no longer applies in Oregon as evident by the decision in *State ex rel. Douglas County v. Sanders*, 655 P.2d 175 (Ore. 1982). The court in *Douglas County* specifically held "that county residents are not disqualified from serving as jurors solely because the county has a pecuniary interest in the outcome." *Douglas County*, 655 P.2d at 175.

7

¶26     Eklund also relies on an old case from North Dakota.  In *Sheridan County v. Davis*, 240 N.W. 867 (N.D. 1932), the North Dakota court determined that the jury panel's status as taxpayers implied bias on the entire jury pool.  The court reversed a denial of a motion for change of venue. *Sheridan County*, 240 N.W. at 871.  The court in *Linington v. McLean County*, 150 N.W.2d 239 (N.D. 1967), also refused to reverse a district court's decision to grant a motion for a change of venue.  The court cited the fact that "the trial court after weighing all of the allegations and the contentions" reached the conclusion the people of McLean County were sympathetic to McLean County and for this and other reasons granted a motion for change of venue.

¶27     Here we face a situation where the District Court denied a motion for a change of venue.  We review this denial for an abuse of discretion. *Pease*, 227 Mont. at 433, 740 P.2d at 664.  The District Court weighed all of the allegations and contentions before reaching the conclusion that the citizens of Wheatland County could be fair and impartial jurors.  Nothing in record leads us to believe that the District Court abused its discretion in determining that the jury could be fair and impartial.  We decline to imply bias based solely on the juror's status as taxpayers.  The District Court did not abuse its discretion in denying a change of venue.

¶28     **Issue 3: Did the District Court err when it refused to allow the jury to consider the source of payment for any damages that might be awarded?**

¶29     Evidence of insurance generally may not be admitted upon the issue of whether a party acted negligently or otherwise wrongfully.  Evidence of insurance may be admitted,

8

however, when offered to prove agency, ownership, control, bias or prejudice of a witness. M. R. Evid. 411. Eklund does not argue that evidence of insurance would have been offered to prove agency, ownership, control, bias or prejudice. Eklund sought to offer evidence regarding Wheatland County's insurance coverage to alleviate the fears voiced by some jurors regarding what party would be responsible to pay an award.

¶30     A jury determining liability and fixing damages may not consider the method of satisfying a judgment. *Wollaston v. Burlington Northern, Inc.*, 188 Mont. 192, 206, 612 P.2d 1277, 1284 (1980). The plaintiff in *Wollaston* submitted a proposed jury instruction regarding insurance to eliminate the "juror-taxpayer" problem in an action in which Sanders County was a co-defendant. *Wollaston*, 188 Mont. at 206, 612 P.2d at 1284. The district court had instructed the jury that they were "not to consider in what manner the defendant Sanders County meets its obligation as to a judgment if rendered." *Wollaston*, 188 Mont. at 206, 612 P.2d at 1284. The Court held the district court properly had instructed the jury on this matter and that further instruction about possible sources might have lead to speculation on issues not before the jury. *Wollaston*, 188 Mont. at 206, 612 P.2d at 1284.

¶31     Similar to *Wollaston*, the District Court adopted Eklund's proposed instruction that the jury should not consider whether Wheatland County could afford any award or the source of any award. The court removed mention of "insurance" from the proposed instruction in a manner similar to the instruction provided in *Wollaston*.

9

¶32    Eklund relies on *Goodnough v. State*, 199 Mont. 9, 647 P.2d 364 (1982), to support his argument that the court erred in not allowing him to mention insurance during voir dire. We held in *Goodnough* that it is appropriate for counsel to question potential jurors during voir dire about their beliefs as taxpayers and their concerns on the financial outcome of the case. *Goodnough*, 199 Mont. at 19, 647 P.2d at 369.

¶33    The District Court allowed Eklund's counsel to question the jury during voir dire in a manner similar to the type of questioning affirmed by this Court in *Goodnough*. Eklund had ample opportunity to question the potential jurors about whether their status as taxpayers would allow them to be fair and impartial. Eklund's counsel questioned the jurors about the possibility of having to issue a large award that would affect their ability to serve. Eklund's argument might carry more weight if the jury had issued a small award to Eklund in the face of evidence that established that Eklund had suffered severe injuries as a result of Wheatland County's negligence. The jury found no liability on the part of Wheatland County.

¶34    The Dissent chides our lack of citation to *Jenks v. Bertelsen*, 2004 MT 50, 320 Mont. 139, 86 P.3d 24. In *Jenks*, defense counsel repeatedly discussed the fact that the plaintiff had contacted a lawyer shortly after the accident. *Jenks*, ¶ 14. The plaintiff sought to introduce evidence of the fact that she had retained the lawyer to assist with negotiations with the defendant's insurance adjustor over the damage to her truck. *Jenks*, ¶ 15. We noted that the district court should evaluate the admissibility of evidence of insurance on a case-by-case basis under the facts and circumstances of each case. *Jenks*,

10

¶ 25. We found no abuse of discretion in the district court's decision to allow the plaintiff to explain her decision to retain a lawyer shortly after the accident without any direct mention of insurance. *Jenks*, ¶ 28. The district court concluded that this course would remedy any prejudice caused by the defense counsel's repeated reference to the plaintiff's decision to retain a lawyer without permitting "the insurance bulldozer to be brought in to level the playing field." *Jenks*, ¶ 27.

¶35 The District Court here determined that it would not allow mention of insurance absent an exception to M. R. Evid. 411. Juror Butts initially raised the topic of insurance during voir dire. Juror Butts speculated that Wheatland County must possess some insurance, but he voiced concern as to whether the policy limits would cover the full amount of any verdict. Neither the court, nor the parties, took any step to disabuse Juror Butts, or the other members of the jury pool, that Wheatland County possessed some insurance coverage. The District Court did instruct the jury not to consider whether the County could afford to pay an award in determining damages. The court also instructed the jury not to consider whether an award would raise taxes and whether an award would provide a windfall to Eklund. Similar to *Jenks*, we cannot say that the solution crafted by the District Court to address concerns raised by the jurors regarding who would be responsible for any award without expressly discussing Wheatland County's insurance coverage rose to the level of an abuse of discretion. *Wollaston*, 188 Mont. at 206, 612 P.2d at 1284.

11

¶36     The District Court also did not abuse its discretion when it restricted the depth of questioning regarding the availability of insurance during voir dire.

¶37     **Issue 4: Did the District Court err when it refused to strike a prospective juror for cause?**

¶38     A court may remove for cause members of a potential jury panel if they can be shown to have an interest in the action, an unqualified opinion or belief as to the merits of the action, or can be shown to have bias.  Section 25-7-223(5)-(7), MCA.  Voir dire questioning revealed that juror Butts had a problem with suits against Wheatland County. He explained his concerns that, as a taxpayer, he could be responsible through increased taxes for any verdict returned against the county.  Juror Butts reiterated his concern throughout voir dire regarding the source of an award. Juror Butts also maintained, however, that he could be fair and impartial.  At no point during voir dire did juror Butts state that he was unwilling to be fair or that he would be biased.  Juror Butts stated that he would follow the instructions and law given to him by the judge.

¶39     Eklund cites multiple cases where a juror demonstrated bias against one party and the court removed for cause the potential juror.  *See Mahan v. Farmers Union Central Exchange, Inc.*, 235 Mont. 410, 768 P.2d 850 (1989); *Crail Creek*.  The potential jurors in these cases demonstrated actual bias.

¶40     For example in *Mahan*, one potential jury exhibited a fixed scruple against punitive damages, while the other stated he preferred management over employees in disputes.  *Mahan*, 235 Mont. at 418, 768 P.2d at 855.  Juror Butts expressed some

12

concern regarding the source of the money. Juror Butts did not express a fixed view against damages being awarded to a plaintiff in a negligence action. Juror Butts also did not express favoritism for one side over the other in such a dispute.

¶41 The potential juror in *Crail Creek* likewise gave responses that reflected a biased state of mind. The potential juror admitted that she was inclined to favor contractors and that she did not know if she could set aside her bias. *Crail Creek*, ¶ 20. Juror Butts never expressed a bias toward either party. In fact, juror Butts, maintained that he could be impartial. When questioned about following the law and instructions, juror Butts replied, "I'm going to do the best of my ability what I'm instructed to do."

¶42 The trial judge stood in the best position to detect whether juror Butts demonstrated actual bias against Eklund. Juror Butts's hesitance regarding the size of a potential verdict does not lead us to believe that he would have been biased or would have failed to follow the law and instructions. The District Court did not abuse its discretion in denying the motion to remove juror Butts for cause.

¶43 **Issue 5: Whether the District Court erred when it denied Eklund's motion for judgment notwithstanding the verdict (JNOV), or motion for new trial.**

¶44 A court may grant a motion for directed verdict, or a motion for a JNOV, only when there is a complete absence of any evidence to warrant submission to a jury. *Ryan v. City of Bozeman*, 279 Mont. 507, 510, 928 P.2d 228, 229-30 (1996). Wheatland County points to evidence in the record that warranted submission of the case to the jury.

13

¶45 Undersheriff Les Christensen (Christensen) testified that he first saw the vehicle that crashed into Eklund about three miles east of Harlowton. Christensen's attempts to stop the vehicle proved futile. The speeding vehicle crashed soon after entering Harlowton. Christensen had slowed for safety purposes at the time of the crash, but he had kept the fleeing vehicle in sight. Christensen testified that about four minutes had passed from the time that he first saw the vehicle until he called for an ambulance after the crash. Christensen also testified that he did not form a road block, or take other drastic measures to stop the speeding vehicle.

¶46 Christensen's passenger, Montana Highway Patrolman James Rosenberg (Rosenberg), testified that Christensen had followed proper procedures for a high speed pursuit. Katherine Parks (Parks) witnessed the stolen vehicle approach town followed by Christensen. Parks testified that the stolen vehicle was traveling at a high rate of speed, but that the police vehicle did not appear to be going nearly that fast.

¶47 In light of this testimony, Eklund cannot make the necessary showing that there was a complete absence of credible evidence to support the verdict in favor of Wheatland County. Counsel for Wheatland County elicited sufficient testimony regarding the timing and policies followed by the officers in pursuit. The District Court did not err when it denied Eklund's motion for JNOV and his request for a new trial motion.

¶48 Affirmed.

/S/ BRIAN MORRIS

14

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶49     I dissent from the Court's resolution of Issue Three.  I would reverse and remand for a new trial.

¶50     The District Court erred when, citing M. R. Evid. 411, it completely prohibited any mention of an insurance or pooling arrangement.  In *Jenks v. Bertelsen*, 2004 MT 50, 320 Mont. 139, 86 P.3d 24, cited prominently by Eklund but not in my judgment adequately considered in the Court's analysis, we noted that under our previous caselaw there are a number of exceptions to the general prohibition against injecting insurance issues into a case under M. R. Evid. 411.  *See Jenks*, ¶¶ 23-24.  We cautioned that such cases "do not represent an exhaustive survey . . . ." *Jenks*, ¶ 25.  When the District Court issued a prohibition on any mention of insurance prior to trial, it did so under the evident assumption that the exceptions to M. R. Evid. 411 were fully codified, and that failure to meet a specifically enumerated exception to M. R. Evid. 411 prohibited, *ipso facto*, any mention of insurance.  The District Court's approach to this issue was contrary to *Jenks*. "In the final analysis, Rule 411, M.R.Evid., and the exceptions thereto, do not present a clear mandate for either admitting or denying evidence of liability insurance.  What is

15

clear, however, from a review of the case law, is that district courts have broad discretion in determining the admissibility of evidence pertaining to liability insurance . . . ." *Jenks*, ¶ 25. Thus, district courts should evaluate the admissibility and effect of a mention of insurance on a case-by-case basis under the facts and circumstances then presented to the court. *Jenks*, ¶ 25.

¶51 The facts and circumstances presented in this case called for an exercise of discretion in favor of revealing the existence of insurance. Eklund sought to disclose the existence of an insurance pooling arrangement to allay the concerns of the citizens of this small county about the potential impact of a sizeable verdict upon them. However, he was prohibited by the District Court from doing so, and was instead only permitted to inquire whether any of the jurors' status as taxpayers would affect their ability to render a judgment against Wheatland County. In other words, he was allowed to raise their worries but not relieve them. When Eklund's counsel attempted during voir dire to walk this fine line, one of the potential jurors, Butts, zeroed in quickly on the forbidden topic. He said:

> Wheatland County, which is made up of people that live here. And we're certainly insured by an insurance company, I would think, that might be responsible for some of the money. But I'm not sure if it would be responsible for all of the money. I don't know how much of that would be passed onto the citizens or residents of the county. I mean I don't know, so I'm a little apprehensive. And, you know, I'll follow the law and what I'm instructed to do the best that I can, but some of us have ingrained prejudices already that may taint our decision or judgment. And I'm not trying to be difficult here. I'm just trying to be honest, okay.

The question was thus early and squarely presented in the presence of the entire panel:

Do we have insurance, and is it enough? Yet, the District Court would not allow the question to be answered, placing Eklund in an even worse position than he occupied before the answer was given.

¶52 Remarkably, the District Court denied Eklund's request to have this juror dismissed for cause, even though he clearly indicated that he had an "ingrained prejudice" on the issue of the source of payment for any judgment against Wheatland County. This candid statement from the juror was an unequivocal demonstration of concern at best, and bias at worst, especially given Eklund's inability to allay the spoken concerns. Under other circumstances, I would conclude that the District Court committed reversible error by failing to dismiss Butts for cause. Here, however, I doubt that excusing him for cause would have made any difference, once the entire panel heard the insurance question asked but go unanswered.

¶53 The effect that this statement had on Eklund's right to receive a fair trial cannot be overstated. After Butts made his statement, the District Court gave no corrective instruction or admonishment, and then rejected attempts to have this juror removed for cause. This was a clear signal to the members of the jury that their questions about where the money would come from, and the extent to which any insurance arrangement would cover them, would not be answered, and further that having such worries would not disqualify them from serving on the panel. In fact, a second juror voiced these same unanswered concerns. That juror was seated.

17

¶54 Once these overt concerns about whether there was any insurance to protect the County were laid before the entire jury panel, the District Court should have reevaluated its position with regards to the mention of insurance. I conclude that the District Court's blanket prohibition on any mention of insurance constituted an abuse of discretion at this point, and was unreasonable in light of Eklund's constitutional right to a fair and impartial trial. *Jenks* and M. R. Evid. 411 clearly allowed the District Court to take corrective action and briefly explain the insurance arrangement, since it would be done not to prove negligence or wrongful action on behalf of Wheatland County, but only to ensure that the jury's concerns were allayed sufficiently to allow Eklund a fair and impartial trial.

¶55 At the conclusion of trial, the District Court gave the following jury instruction:

> In determining the amount of damages, you may not consider, even a
> little, the following:
> > 1) Whether the Defendant can afford it.
> > 2) Whether it might raise your taxes.
> > 3) Whether it is a windfall.

¶56 As an initial matter, I find it hard to reconcile the District Court's instruction that jurors were not to consider "even a little" whether a judgment against Wheatland County would raise their taxes, with its denial of Eklund's request to have Butts dismissed for cause. For not only did this juror consider the issue significant, he clearly indicated that it was on the level of an "ingrained prejudice" and would have an impact on his deliberation. These two rulings are simply irreconcilable in my judgment.

18

¶57 The greater problem is that this instruction compounded the prejudice to Eklund, who sought to have the prospect of insurance at least mentioned in the list of factors "not to be considered." Essentially, the instruction highlights the three negative prospects that a verdict for the plaintiff would present—one, we can't afford this; second, it might raise our taxes; and third, the plaintiff may reap a windfall at our expense. It highlights no potentially saving factors, like the existence of insurance, again making matters worse for Eklund.

¶58 In sum, the handling of voir dire, the restrictions on Eklund, and the District Court's instruction combined at best to leave the jury panel actively worried throughout trial about what a verdict might mean to their pocketbooks. At worst, the refusal to address the jury's concerns and the ensuing refusal to mention insurance in the instruction may well have left the impression that no insurance existed at all. Either way, Eklund was prejudiced.

¶59 At a fundamental level, the District Court's unreasonable disregard of the jury's concerns placed Eklund, an innocent and badly injured citizen, at a severe disadvantage. Leaving the front-burner question of how a verdict might be satisfied unresolved in the minds of the jurors from this small rural town prevented him from having his case decided on the merits. While similar concerns seldom arise in larger states, or even within larger counties in Montana, here they were open and real. The District Court should have weighed the "competing concerns," and employing its "conscientious judgment," *see Jenks*, ¶ 28, should have either allowed Eklund to reference an insurance

19

agreement, or told the jury directly that an arrangement of some sort existed. After all, Eklund himself is a taxpayer too and deserves, as do all the citizens of this state, the opportunity for a fair and impartial trial. I believe the District Court's rulings in this case unreasonably denied him this right and constituted an abuse of discretion. I would reverse and remand for a new trial and respectfully dissent from the Court's failure to do so.

/S/ PATRICIA COTTER